JOSEPH D. MORIN *v.* JOHN R. MANSON, COMMISSIONER, DEPARTMENT OF CORRECTION
(11467)

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY and GRILLO, Js.

Argued January 4—decision released April 3, 1984

*G. Douglas Nash,* assistant public defender, with whom, on the brief, was *Joette Katz,* public defender, for the appellant (plaintiff).

*Arnold M. Schwolsky,* assistant state's attorney, with whom, on the brief, was *John M. Bailey,* state's attorney, for the appellee (defendant).

GRILLO, J. This appeal is from the judgment of the trial court denying the relief requested in the plaintiff Joseph Morin's petition for a writ of habeas corpus. The trial court held in a written memorandum of decision dated May 7, 1982, that the plaintiff had failed to prove that there was no deliberate bypass of a direct appeal. In addition, the court found that when the plaintiff pleaded guilty to four counts of second degree murder, he was aware of his waiver of constitutional rights and of the elements of the offense with which he was charged. On appeal, the plaintiff claims (1) that the habeas corpus court erred in finding that a direct appeal was deliberately bypassed and (2) that the plaintiff's constitutional right to due process was violated by the court's finding that the guilty plea was entered voluntarily and intelligently.

The facts which form the basis for this appeal and to which the plaintiff pleaded guilty were recited by the prosecutor during the proceedings on the plea of guilty. See Practice Book § 713. The events occurred in the early morning hours on March 27, 1970, in an apartment in Enfield. A number of young people were spending the night at the apartment drinking beer and playing cards. The plaintiff arrived at about 11 p.m. Sometime after 2 a.m., many of the young people left the apartment, leaving the plaintiff with four others in the apartment. The next morning, the four people were found shot to death in the apartment. Near one of the bodies was an open handbag which contained a wallet with no bills in it. On the body of another was $487. Inside the apartment, forty-seven empty beer cans and an empty vodka bottle were found.

The prosecutor further stated that the plaintiff had surrendered to New York authorities on or about March 30 and had made a confession. The plaintiff indicated that he had been drinking beer and had taken an hallucinogenic drug, LSD, prior to the shootings. The tak-

ing of LSD was corroborated on March 30 by a Naval medical examination and report on the plaintiff.

The prosecutor indicated to the court that the effect of the drugs and alcohol on the plaintiff was so great that the plaintiff's intent had been diminished. Without indicating what intent was required for the offense of murder in the second degree, the prosecutor recommended that a plea of guilty to second degree murder be accepted.

On September 4, 1970, the plaintiff entered a plea of guilty to each of four counts of murder in the second degree. Each count of the indictment was read in its entirety and to each count the plaintiff responded "not guilty to First Degree Murder, guilty to Second Degree Murder." Some eight years later, the present matter was initiated by a pro se petition for a writ of habeas corpus which was amended once on December 23, 1980, and again on December 3, 1981.

In his first claimed error, the plaintiff argues on appeal that he was ignorant of the law and was unable to evaluate whether an illegality had taken place in his conviction and sentencing. He does, however, acknowledge that he had an attorney upon whom he relied "in all legal matters." He asserts that the test for evaluating deliberate bypass includes consideration of the consultations between counsel and the criminal defendant; citing *Vena* v. *Warden*, 154 Conn. 363, 225 A.2d 802 (1966); and that his lawyer, Attorney James Connolly, did not discuss with him, between September 4, 1970 (when the guilty pleas were entered), and September 25, 1970 (when sentencing occurred), the possibility of withdrawing the pleas. Since no motion to withdraw the pleas was made, the plaintiff maintains the curious position that "there was nothing presented to the Superior Court from which an appeal could be taken." The plaintiff claims that it was only some eight years

after his incarceration that his fellow inmates persuaded him that his conviction was illegal. Hence, he did not knowingly bypass a direct appeal. Under the circumstances presented to us in this case, we find that the plaintiff has failed to sustain his burden of proving that he did not deliberately bypass a direct appeal.

The case of *Vena* v. *Warden,* supra, is instructive on the issue of deliberate bypass. In that case, we held: "[A] petitioner may collaterally raise federal constitutional claims in a habeas corpus proceeding even though he has failed to appeal his federal constitutional claims directly to us if he alleges and proves, by a fair preponderance of the evidence, facts which will establish that he did not deliberately bypass the orderly procedure of a direct appeal. To be more precise, he must both allege in his petition and prove at the habeas corpus hearing that he did not 'after consultation with competent counsel or otherwise, understandingly and knowingly . . . [forego] the privilege of seeking to vindicate his federal claims' by a direct appeal to this court. *Fay* v. *Noia,* [372 U.S. 391, 439, 83 S. Ct. 822, 9 L. Ed. 2d 837 (1962)]. The burden of alleging and proving such facts is rightfully on the petitioner. *Nash* v. *United States,* 342 F.2d 366, 368 (5th Cir. [1965]). The determination whether a prisoner had deliberately bypassed the orderly procedure of an appeal must be made from the facts in each case. *Fay* v. *Noia,* supra, 440; see *Townsend* v. *Sain,* 372 U.S. 293, 312, 83 S. Ct. 745, 9 L. Ed. 2d 770 [(1963)]. Unless such a procedure as that herein laid down is followed, the way is left open for any long-term prisoner deliberately to defer his habeas corpus action until the requisite evidence for a conviction has disappeared, so that, if his habeas corpus is successful, he is necessarily released regardless of the evidence which was originally available to the state to prove his guilt." *Vena* v. *Warden,* supra, 366–67. Since pleading and proving the bypass issue

is jurisdictional in nature, the failure to do so justifies the denial of a habeas corpus petition without addressing the merits of a case. See *Blue* v. *Robinson,* 173 Conn. 360, 369, 377 A.2d 1108 (1977).

In the present case, although the petitioner pleaded and presented some evidence that he had not bypassed his appeal, the trial court in the habeas corpus proceeding found that the plaintiff failed to establish this fact by a preponderance of the evidence. The trial court stated: "When we look at the record and see the enormous and diligent research and investigation by Attorney Connolly on behalf of the petitioner it is inconceivable that he [the plaintiff] did not know he had a right to remain silent, have a jury and confront witnesses. The court cannot find that he did not know [of his right to appeal]."

A fair reading of the memorandum of decision in this case indicates that the habeas court was impressed by the extent of the work which the plaintiff's counsel had performed on behalf of his client. The court reached this conclusion upon hearing the testimony of Connolly even though it was unable to review the extensive files accumulated by the attorney, since these files were destroyed in a flood in 1971 or 1972. Of even greater significance on this issue of deliberate bypass is the plaintiff's response on cross-examination regarding his decision to pursue a claim of illegal detention after eight years of confinement. The plaintiff stated that "from the time I got into jail, people were telling me that something really was wrong with this case. I just didn't pay it attention . . . ." In light of the evidence in the record and this statement revealing that the plaintiff was on notice of the possibility via appeal of a claim of illegality from the time of his incarceration, we are unable to conclude that the habeas court's finding that the petitioner failed to prove a lack of deliberate bypass was clearly erroneous. See Practice Book § 3060D;

*Monroe Ready Mix Concrete, Inc.* v. *Westcor Development Corporation,* 183 Conn. 348, 351–52, 439 A.2d 362 (1981); and *Damora* v. *Christ-Janer,* 184 Conn. 109, 113, 441 A.2d 61 (1981).

Accordingly, the trial court did not err in denying the habeas corpus petition after its conclusion that the plaintiff failed to prove no deliberate bypass. *Blue* v. *Robinson,* supra, 369. Therefore, we need not reach the second issue of whether the plaintiff's plea was voluntary and intelligent.

There is no error.

In this opinion the other judges concurred.