Joseph D. MORIN, Petitioner,

v.

Raymond LOPES, Respondent.

Civ. No. H–84–617 (PCD).

United States District Court,
D. Connecticut.

April 23, 1986.

Gary D. Weinberger, Asst. Federal Public Defender, Hartford, Conn., for petitioner.

Steven M. Sellers, Deputy Asst. State's Atty., Wallingford, Conn., for respondent.

## MEMORANDUM OF DECISION ON PETITIONER'S OBJECTION TO MAGISTRATE'S RULING

DORSEY, District Judge.

The petitioner is a prisoner at the Connecticut Correctional Institution in Enfield, Connecticut. He is serving four concurrent life sentences, imposed on September 25, 1970, after he entered a plea of guilty to each of four counts of second degree murder. He never appealed this conviction and claims that he was never informed of his right to appeal.

On May 29, 1984, the petitioner filed for a writ of habeas corpus in this court. He maintains that his guilty plea is unconstitutional because his attorney never explained the element of "malice aforethought" to him and that, if his attorney had explained it to him, he would not have pleaded guilty to second degree murder. Magistrate F. Owen Eagan decided that, although the petitioner had exhausted his state court remedies, the petition should be dismissed because the petitioner had deliberately bypassed state appellate procedures. It is this ruling to which the petitioner objects. For the reasons set forth below, the Magistrate's decision is AFFIRMED.

Since the Supreme Court's decision in *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), courts have questioned the continued validity of *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). However, the petitioner agrees that the applicable standard for determining whether this petitioner has deliberately bypassed state appellate procedures after his conviction and sentencing is set forth in *Noia*. *See Mitchell v. Scully*, 746 F.2d 951, 955–56 (2d Cir.1984) (asserting the viability of *Fay v. Noia* in failure to appeal cases); *see also Forman v. Smith*, 633 F.2d 634, 640 n. 8 (2d Cir.1980) (*Noia* still applies where procedural default eliminates entire state of proceedings.) *Fay v. Noia* involved an inmate petitioner who failed to appeal his state court conviction. Noting that "habeas corpus has traditionally been regarded as governed by equitable princi-

ples," the Court held that a "federal habeas judge may in his discretion deny relief to an applicant who has deliberately bypassed the orderly procedure of the state courts and in so doing forfeited his state court remedies." 372 U.S. at 438, 83 S.Ct. at 848.

To determine whether a habeas applicant has "waived" his rights, the controlling standard is whether there has been "an intentional relinquishment or abandonment of a known right or privilege." *Id.* at 439, 83 S.Ct. at 849 (quoting *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938)).

> If a habeas applicant, after consultation with competent counsel or otherwise, understandingly and knowingly forewent the privilege of seeking to vindicate his federal claims in state courts, whether for strategic, tactical, or any other reasons that can fairly be described as the deliberate by-passing of state procedures, then it is open to the federal court on habeas to deny him all relief if the state courts refused to entertain his federal claim on the merits—though of course only after the federal court has satisfied itself, by holding a hearing or by some other means, of the facts bearing upon the applicant's default.

372 U.S. at 439, 83 S.Ct. at 849.

In utilizing this standard, the emphasis is on the "considered choice of the petitioner." *Id.; see Wainwright v. Sykes,* 433 U.S. at 91–94, 97 S.Ct. at 2508–10 (Burger's concurrence) (*Noia* deliberate bypass standard applies to the case where procedural decision is entrusted to convicted defendant.); *Smart v. Scully,* 787 F.2d 816, 819 (2d Cir.1986) ("If, however, a state defendant's failure [to utilize the appropriate procedural vehicle to raise a claim] does not rise to the level of a *Sykes* procedural default, it appears that habeas review must occur unless the error was deliberate."). Although cases of deliberate bypass or waiver in the classical sense come within the *Noia* and *Sykes* standards, the policies of comity and federalism that underlie the rule require that it have a broader sweep.

*Nutall v. Greer,* 764 F.2d 462, 264 (7th Cir.1985).

> For example, some defendants may fail to appeal to the highest court not from any deliberate strategy but from simple inexcusable neglect. Such defendants bear the responsibility for their own default and do not present a compelling case for overriding the principle that a federal court should not intrude in the state's criminal process when the state's highest court has had no opportunity to rule on the constitutional issues presented.

*Id.* Accordingly, "[t]he deliberate by-pass standard of *Noia,* relying on general equitable principles, does not require the bypass of a requirement; the passing by of a mere opportunity may be enough ... to call that standard into play." *Brownstein v. Director, Illinois Department of Corrections,* 760 F.2d 836, 842 (7th Cir.1985).

During the state habeas proceeding, the petitioner's attorney, James Connolly, had no specific recollection of discussing the issue of intent with the petitioner. However, Mr. Connolly did remember doing extensive research on the petitioner's case, including research on the elements of second degree murder. Attorney Connolly testified that he met with the petitioner at least six times prior to his guilty plea, and, although he had no specific recollection of discussing the issue of intent with his client, he felt certain that he in fact had. The court record from the proceeding at which petitioner's plea was taken suggests that the petitioner was so informed. When the trial judge asked if the petitioner was guilty of second degree murder "as it was explained to you by your counsel?," the petitioner responded "yes."

In his objection to the Magistrate's ruling, the petitioner's attorney relies upon the fact that petitioner did not "forego his state remedies in the hope that the passage of time would weaken the state's case." (See Objection to Magistrate's Ruling at 9). Nevertheless, the *Noia* Court specifically stated that is it not only strategic or tactical reasons, but also "any other reason that

can fairly be described as deliberate by-passing of state procedures" which may lead a court to conclude that a petitioner has deliberately foregone utilizing orderly state court process. *Noia*, 372 U.S. at 439, 83 S.Ct. at 849.

District courts which recently have considered this issue have suggested that inexcusable failure on the part of the petitioner to pursue state procedures, even when such failure is not meant as a tactical strategy, may nevertheless constitute deliberate bypass. *Cf. United States ex rel. Goodman v. Lane*, 613 F.Supp. 422, 429 (N.D.Ill. 1984) (Although basing its opinion on *Sykes*, the court found petitioner's counsel's failure to object to hearsay testimony was most likely an express deliberate bypass.) Important is the petitioner's efforts to obtain a timely review of his claims. *See Ross v. Fulcomer*, 610 F.Supp. 560, 565 (E.D.Pa.1985) ("[E]specially given Ross' efforts to seek a review of his claims in both state and federal court, this Court has determined that there is no basis in the record from which it could find that Ross' failure to receive a review of the merits of his claims by the Pennsylvania Supreme Court constituted a deliberate bypass of that appellate procedure."); *Domegan v. Fair*, 603 F.Supp. 360, 363 (D.Mass.1985) (No deliberate bypass as contemplated by *Noia* where petitioner was not represented by counsel at any time during state habeas proceedings, and he asserted he was unaware of any right to appeal); *Thomas v. Zimmerman*, 583 F.Supp. 701, 705 (E.D. Pa.1984) (No deliberate bypass where petitioner made repeated attempts to have his claim heard.) As previously noted, the *Fay v. Noia* standard must be applied with emphasis on the "considered choice of the petitioner." As the petitioner's own testimony at the state habeas trial indicates, it was his "considered choice" to ignore the advice of people in prison for more than eight years before bringing his first habeas petition. (See Transcript, at 55–56). He offered no explanation for this neglect. This, coupled with testimony which demonstrates a meaningful and thorough representation by Attorney Connolly, suggests

that the state remedies were considered by and between the petitioner and his attorney. The fact that these remedies were not then resorted to suggests the probability that they were deliberately by-passed, and not that they were not considered or brought to the petitioner's attention as he now claims.

The habeas trial court, viewing the facts as they developed at the hearing, concluded that the failure of the petitioner to assert his right in a timely manner constituted a deliberate bypass of state appellate procedures. The habeas trial court stated:

> In this petition Mr. Morin has properly pleaded a lack of intentional by-pass. The court on the record cannot find by a preponderance of the evidence that the petitioner did not deliberately by-pass his right of appeal. When we look at the record and see the enormous and diligent research and investigation by Attorney Connolly on behalf of the petitioner, it is inconceivable that he did not know he had a right to remain silent, have a jury and confront witnesses. The court cannot find that he did not know.

*Joseph D.G. Morin v. Warden*, No. 241696 (Superior Court, Judicial District of Hartford/New Britain at Hartford, May 11, 1982), *aff'd sub. nom., Morin v. Manson*, 192 Conn. 576, 472 A.2d 1278 (1984). Considering all the testimony, the trial court reasonably inferred that a diligent attorney like Mr. Connolly most likely informed the petitioner of the elements of the crime and of his right to appeal.

As Magistrate Eagan correctly concluded, factual findings of the state court are entitled to a presumption of correctness. 28 U.S.C. Sec. 2254(d); *Sumner v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981). The petitioner contends that the state habeas judge's logic is nothing more than conjecture. On the contrary, the record contains adequate support for the acceptance of the state court's findings as soundly based on evidence in the record.

The petitioner points out that Conn.Gen. Stat. Sec. 54–95 only allows 20 days to

perfect an appeal from a conviction. The petitioner maintains that, because he never knew of his right to appeal his guilty plea, allowing a 20 day period to expire does not constitute a deliberate bypass. Yet he omits two additional facts: (1) Petitioner was told there was something wrong with his case from the very first days of his incarceration; and, (2) He took no action and brought no petition for a writ of habeas corpus for over eight years.

 In Connecticut, a petitioner may collaterally raise federal constitutional claims, even though he has failed to appeal them directly, if he alleges and proves by a fair preponderance of the evidence facts which establish that he did not deliberately bypass the orderly procedure of a direct appeal. *State v. Brown*, 157 Conn. 398, 254 A.2d 570 (1969). The burden of proving the absence of deliberate bypass is on the petitioner and a long term prisoner is not encouraged to defer habeas action until the requisite evidence for his conviction has disappeared. *Blue v. Robinson*, 173 Conn. 360, 370, 377 A.2d 1108 (1977); *Vena v. Warden*, 154 Conn. 363, 367, 225 A.2d 802 (1966). The petitioner was held to have failed to meet his burden because of his unexplained failure to assert his rights in a timely manner. *Morin v. Manson*, 192 Conn. at 580, 472 A.2d 1278. The Supreme Court seemed to find this fact even more persuasive than the trial court's findings concerning the quality of Attorney Connolly's representation. This unexplained delay is persuasive. Whether petitioner's actions evidence lethargy or neglect is immaterial; what is material is the fact that it was the petitioner's conscious decision to forego pursuing an appeal for relief until so many years had passed that Connecticut's courts would not entertain such an appeal. *See Fay v. Noia*, 372 U.S. at 439, 83 S.Ct. at 849.

Accordingly, the decision of the Magistrate is AFFIRMED.

SO ORDERED.