STATE OF CONNECTICUT *v.* MATTHEW R. BATTISTA
(5001)

HULL, DALY and STOUGHTON, Js.

Argued February 9—decision released April 14, 1987

*Charles J. Irving,* for the appellant (defendant).
*Lawrence J. Tytla,* for the appellee (state).

STOUGHTON, J. This is an appeal following a judgment of conviction for breach of peace, a violation of General Statutes § 53a-181. The defendant was tried to the court. At the close of the state's case, he moved for judgment of acquittal, attacking the sufficiency of the evidence. The motion was denied and the defendant thereupon presented evidence of his own. His evidence, however, did not present a different version of what had occurred. It consisted merely of an alibi offered to show that he was at another place at the time of the events complained of. We, therefore, have no occasion in this case to consider the rule that the defendant may not raise on appeal the failure of the state to present a prima facie case after he has presented evidence of his own. See *State* v. *Rutan,* 194 Conn. 438, 440–44, 479 A.2d 1209 (1984).

General Statutes § 53a-181 (a) contains six subsections prohibiting various kinds of conduct. The state and the defendant agree that only the first and fifth of these subsections describe conduct which the court might have found to have occurred from the evidence offered by the state.

Section 53a-181 (a) provides in part: "A person is guilty of breach of peace when, with intent to cause inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he: (1) Engages in tumultuous or threatening behavior in a public place; or . . . (5) in a public place uses abusive or obscene language or makes an obscene gesture . . . ."

Although there is no memorandum of decision, the court could reasonably have found from the evidence that the defendant went to the vicinity of the residence of Thomas Will and his wife, parents of the defendant's ex-wife, Cheryl, on the evening of December 24, 1985. From prior experience, the defendant would have known that there would be a family gathering and that his ex-wife and a number of other people would be present at the house. He stood in the street outside the house shaking his fists as if in a rage. The front door of the house was open. The defendant repeatedly shouted in a loud voice, "Cheryl is a fucking whore." Two witnesses observed this behavior, one of whom was in the house and heard the words uttered. The other, who was outside, could not distinguish the words uttered by the defendant because of passing traffic. The defendant asserts that the court erred in finding him guilty (1) because the state failed to establish each essential element of the crime of breach of peace beyond a reasonable doubt and (2) because the conviction of the defendant of the crime of breach of peace was not supported by the evidence.

The defendant argues first that the court erred in denying his motion for judgment of acquittal because the state failed to establish each essential element of the crime beyond a reasonable doubt. Because the evidence offered by the defendant after the denial of his motion added nothing to the state's case, we consider this as a claim that upon all the evidence the court could not reasonably have convicted the defendant. When such a challenge is made, the issue is whether the trier could have reasonably concluded, upon the facts established and the inferences reasonably drawn therefrom, that the cumulative effect of the evidence established guilt beyond a reasonable doubt. *State* v. *Carter,* 196 Conn. 36, 44, 490 A.2d 1000 (1985). The evidence must be viewed in the light most favorable to sustaining the

judgment of the trial court. *State* v. *Perez,* 182 Conn. 603, 606, 438 A.2d 1149 (1981). The argument that the incident did not occur in a public place requires little discussion and seems to rest upon the claim that there were few if any members of the general public present at that time. The incident occurred on a public street in the town of Waterford across from a schoolyard and in the vicinity of at least two houses. Such a location could hardly have been more public, and the defendant could have been found reasonably to expect that there would be many people present in the house of his ex-wife's family. His intent in making threatening gestures and calling out in abusive and obscene words was a question of fact for the trier. Intent is a mental process which ordinarily can be proved only by circumstantial evidence and through inferences drawn from such evidence. *State* v. *Haddad,* 189 Conn. 383, 398, 456 A.2d 316 (1983). That the gestures were threatening and the language abusive and obscene seems beyond cavil. While the defendant did not know of the presence of the two witnesses who saw him, one of whom heard the words uttered, he did know that there was a family gathering in the house. The court could reasonably have found that he intended to cause inconvenience, annoyance and alarm and it is difficult to draw any different conclusion. The argument that the defendant's words were protected by the first amendment is equally without merit. Resort to epithets or abuse is not in any proper sense communication of information or opinion safeguarded by the Constitution. *Chaplinsky* v. *New Hampshire,* 315 U.S. 568, 572, 62 S. Ct. 766, 86 L. Ed. 2d 1031 (1942). Language which under the circumstances of its utterance constitutes fighting words—those which by their very utterance inflict injury or tend to incite an immediate breach of the peace—is not constitutionally protected. *State* v. *Weber,* 6 Conn. App. 407, 414, 505 A.2d 1266 (1986);

*State* v. *Beckenbach,* 1 Conn. App. 669, 678, 476 A.2d 591 (1984), rev'd on other grounds, 198 Conn. 43, 501 A.2d 752 (1985). "Fighting" words are those which touch the raw nerves of one's sense of dignity, decency and personality and which therefore tend to trigger an immediate, violent reaction. *State* v. *Hoskins,* 35 Conn. Sup. 587, 590, 401 A.2d 619 (1978). The trial court could reasonably have found under the circumstances that the words uttered by the defendant were such as well might trigger an immediate and violent reaction.

The second claim of the defendant is that his conviction was not supported by the evidence. He argues that because the credibility of his alibi witnesses was not attacked, there is necessarily a reasonable doubt as to his guilt. This argument also requires little discussion. The credibility of witnesses is for the trier, who can believe or disbelieve all or any part of the testimony of any witness. We cannot substitute our judgment for that of the trial court on such an issue.

There is no error.

In this opinion the other judges concurred.