CHARLES TYSON *v.* WARDEN, STATE PRISON
(9285)

DUPONT, C. J., FOTI and HEIMAN, Js.

Argued February 6—decision released June 4, 1991

*Denise Dishongh,* special public defender, with whom, on the brief, was *Louis S. Avitabile,* special public defender, for the appellant (petitioner).

*Leah Hawley,* assistant state's attorney, with whom, on the brief, was *Mary Elizabeth Baran,* assistant state's attorney, for the appellee (respondent).

HEIMAN, J. The petitioner appeals from the habeas court's determination that his confinement is legal and its dismissal of his petition for a writ of habeas corpus. The petitioner claims that this judgment is fatally flawed because the habeas court improperly concluded that (1) the petitioner's *Alford*[1] plea was voluntarily and intelligently made, and (2) the petitioner had not been denied the effective assistance of counsel. We affirm the trial court's judgment.

The facts necessary to the resolution of this appeal may be summarized as follows. The petitioner was charged with the crime of robbery in the first degree in violation of General Statutes § 53a-134 (a) (3).[2] The robbery was alleged to have occurred on February 15, 1986, at Chucky's Country Store (Chucky's) in New Haven. The store clerk was struck on the side of the head by what was claimed by the state to have been a blunt instrument. As a result, the clerk was treated at a hospital emergency room. Her injuries were diagnosed as a neck contusion, a cervical strain, and a hemorrhage in the mastoid bone or a temporal bone fracture. Another employee of Chucky's who had witnessed the robbery positively identified the petitioner as the perpetrator, but neither this employee nor the clerk could specify what type of weapon had been employed. A videotape of the robbery indicates that the petitioner removed something from his waist area just before he struck the clerk.

On May 13, 1986, the petitioner entered a plea of guilty to a single count of robbery in the first degree

[1] *North Carolina* v. *Alford,* 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[2] General Statutes § 53a-134 provides in pertinent part: "ROBBERY IN THE FIRST DEGREE: CLASS B FELONY. (a) A person is guilty of robbery in the first degree when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime . . . (3) uses or threatens the use of a dangerous instrument . . . ."

in violation of General Statutes § 53a-134 (a) (3), under the doctrine of *North Carolina* v. *Alford,* 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). The information alleged that the petitioner used a dangerous instrument—a blunt instrument—in the course of committing the crime. Under the terms of the plea agreement, the petitioner was to receive a sentence of ten years of incarceration, and was to have another criminal case that was then pending against him nolled. At the time that the petitioner's plea was entered, the court conducted a plea canvass and found that the defendant had pleaded guilty voluntarily, with full knowledge of the crime with which he was charged, with full understanding of the consequences of his plea and with the effective assistance of counsel. On June 20, 1986, the petitioner was sentenced to the custody of the commissioner of correction for a term of ten years. No appeal was taken from that judgment. The other case that was then pending against him was nolled, in accord with the plea agreement.

On July 23, 1986, the petitioner filed a petition for a writ of habeas corpus claiming that his sentence was illegal because the factual basis underlying the crime to which he pleaded guilty supported a charge of robbery in the third degree,[3] but not robbery in the first degree. On March 10, 1989, an amended petition was filed in which the petitioner claimed that his guilty plea was not intelligently made because (1) the trial court failed to advise him of the nature of an *Alford* plea, (2) he was denied the effective assistance of counsel in that his trial court counsel failed both to explain the nature of an *Alford* plea and to explain that a neces-

---

[3] General Statutes § 53a-136 provides: "ROBBERY IN THE THIRD DEGREE: CLASS D FELONY. (a) A person is guilty of robbery in the third degree when he commits robbery.

"(b) Robbery in the third degree is a class D felony."

sary element of robbery in the first degree, i.e., the use of a dangerous instrument, requires proof that more than the defendant's hand and arm was employed. The petitioner also asserted that his failure to appeal from his conviction resulted from his ignorance, and was not the result of a deliberate bypass of the appeal procedure.

The habeas court held a full evidentiary hearing on the amended petition. That court first concluded that the petitioner had not intelligently, understandingly and voluntarily bypassed his right to a direct appeal. This conclusion is adequately supported by the facts found, including the fact that the sentencing transcript indicates that the petitioner was not advised of his right of direct appeal, and by the testimony of his trial counsel at the habeas hearing stating that she had not advised him of his right to appeal. See *State* v. *James,* 197 Conn. 358, 497 A.2d 402 (1985). The court further concluded, however, that the petitioner's trial counsel had adequately explained all of the elements of the crime of robbery in the first degree to the petitioner, that no constitutional requirement exists mandating that the nature of an *Alford* plea be explained by the trial court taking the plea in order for such a plea to be valid, that the record of the plea canvass adequately showed that the state had claimed that the petitioner had employed a blunt instrument as the requisite dangerous instrument, and that his trial counsel had provided him with effective assistance. On the basis of these conclusions, the court ordered that the petition for a writ of habeas corpus be dismissed.

As a preliminary matter, we note that as a general proposition a petitioner in a habeas corpus proceeding must allege and prove by a fair preponderance of the evidence in the habeas court that he did not deliberately bypass the exercise of his right to direct appeal.

*D'Amico* v. *Manson,* 193 Conn. 144, 146, 476 A.2d 543 (1984); *Morin* v. *Manson,* 192 Conn. 576, 579, 472 A.2d 1278 (1984); *Sutton* v. *Robinson,* 6 Conn. App. 518, 520, 506 A.2d 556 (1986). That rule, however, has been modified to the extent that, before we can deny the review of a petition, "the record before us must disclose some reasonable basis for concluding that a convicted person has intelligently, understandingly and voluntarily waived his statutory right to appeal." *D'Amico* v. *Manson,* supra, 146–47; see also *Paulsen* v. *Manson,* 193 Conn. 333, 338, 476 A.2d 1057 (1984). Where, however, the habeas petition invokes a claim of ineffective assistance of counsel, the deliberate bypass rule is relaxed. *State* v. *Leecan,* 198 Conn. 517, 541, 504 A.2d 480 (1986); *State* v. *Rivera,* 196 Conn. 567, 571, 494 A.2d 570 (1985). "[A]ny claim invoking ineffective assistance of . . . counsel automatically satisfies the deliberate bypass requirement." *Valeriano* v. *Bronson,* 209 Conn. 75, 85, 546 A.2d 1380 (1988). Thus, we will address the two claims raised by the petitioner because each implicates an ineffective assistance of counsel claim, thereby satisfying the deliberate bypass standard. Id.[4]

I

The petitioner asserts that a guilty plea made pursuant to the *Alford* doctrine can never be manifestly intelligent when the trial court fails to determine on the record (1) that the petitioner understands the nature and meaning of the *Alford* plea, and (2) that trial

---

[4] The state argues that the petitioner's first claim should not be reviewed because it is not of constitutional magnitude and, therefore, it does not meet the criteria set out in *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576 (1973), as reformulated in *State* v. *Golding,* 213 Conn. 233, 239–40, 567 A.2d 823 (1989). We do not address this argument in this opinion in light of our Supreme Court's recent decision holding that the *Evans* standard for appellate review is inappropriate in a habeas corpus proceeding. *Johnson* v. *Commissioner,* 218 Conn. 403, 415, 589 A.2d 1214 (1991).

counsel has advised the petitioner that the trial court would explain the nature and meaning of the *Alford* plea. We disagree.

Under the federal constitution, a person entering a guilty plea waives three fundamental constitutional rights: (1) the privilege against compulsory self-incrimination guaranteed by the fifth amendment to the United States constitution and made applicable to the states by the fourteenth amendment; (2) the right to a trial by jury; and (3) the right of confrontation. *Boykin* v. *Alabama,* 395 U.S. 238, 242, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). These same rights are guaranteed by the Connecticut constitution, article first, § 8, as amended by amendment XVII. *State* v. *Suggs,* 194 Conn. 223, 227 n.3, 478 A.2d 1008 (1984).

In order for a guilty plea to be knowingly, voluntarily and intelligently made, a trial court must advise a defendant that his plea operates as a waiver of these three fundamental constitutional rights. *State* v. *Badgett,* 200 Conn. 412, 418, 512 A.2d 160, cert. denied, 479 U.S. 940, 107 S. Ct. 423, 93 L. Ed. 2d 373 (1986). " 'There is no requirement, however, that the defendant be advised of every possible consequence of such a plea.' " *Mainiero* v. *Liburdi,* 214 Conn. 717, 725, 573 A.2d 1207 (1990).

We have specifically held that there is no constitutional requirement that a defendant be advised of every possible consequence of an *Alford* plea. *State* v. *Brown,* 19 Conn. App. 640, 644, 563 A.2d 1379, cert. denied, 212 Conn. 821, 565 A.2d 540 (1989); see also *Oppel* v. *Lopes,* 200 Conn. 553, 560, 512 A.2d 888 (1986). The petitioner asserts that because his trial counsel indicated that the plea court would explain the nature and the meaning of an *Alford* plea, the habeas court should have found that the petitioner was not advised of the

nature and meaning of his plea. We disagree. As we have already stated, the trial court's failure to inquire as to the petitioner's understanding of the meaning of an *Alford* plea does not constitutionally invalidate his plea. *State* v. *Brown,* supra.

The habeas court heard the testimony of trial counsel who testified that she had thoroughly discussed the plea and all of its ramifications with the petitioner. Further, the habeas court had the transcript of the plea proceedings before it, including the petitioner's affirmative answer to the court's question as to whether the petitioner was pleading guilty because "you are anticipating a sentence of ten years as opposed to the possibility had you elected to proceed to trial and been convicted that you could receive a twenty year sentence." The habeas court was entitled to believe the petitioner's affirmative response, and conclude that the plea and its consequences were adequately explained to the petitioner. *Oppel* v. *Lopes,* supra, 557; *Bowers* v. *Warden,* 19 Conn. App. 440, 442–43, 562 A.2d 588 (1989). We conclude that the habeas court was correct in rejecting this claim.

## II

The petitioner next claims that he was denied the effective assistance of counsel in the trial court in violation of the rights that are guaranteed to him under the sixth amendment to the United States constitution.[5] He posits that his claim of ineffective assistance of

---

[5] The sixth amendment to the United States constitution provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense."

counsel is supported by the fact that (1) his plea of guilty was entered when there was insufficient evidence to satisfy a requisite element of robbery in the first degree, i.e., the use of a dangerous instrument during the commission of the robbery, and (2) his trial counsel did not properly investigate this lack of evidence. The petitioner argues that these alleged facts, of necessity, should vitiate the voluntariness or intelligence of the plea of guilty.

The habeas court held a full hearing on the claim of ineffective assistance of counsel. The petitioner's trial counsel testified as to all of the steps that she took to satisfy herself that the state had a provable case against the petitioner. The habeas court concluded that the petitioner's trial counsel had fully met her professional obligation to the petitioner in that she had thoroughly investigated the case, and had advised the petitioner of both the nature of the offense and the facts on which he could be found guilty if he went to trial. The habeas court thus concluded that the petitioner did not prove that his trial counsel had failed to meet the performance standard. *Strickland* v. *Washington,* 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

The petitioner relies on the factual findings and conclusions of the habeas court as the predicate for his attack on its decision. It is our obligation as an appellate court to make a two part analysis to determine whether the habeas court's decision is clearly erroneous. First, where the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts that are set forth in the memorandum of decision; second, where the factual basis of the decision is challenged, we must determine whether the facts set out in the memorandum of decision are supported

by the evidence. See *Kimberly-Clark Corporation* v. *Dubno,* 204 Conn. 137, 153, 527 A.2d 679 (1987). In a case that is tried to the court, such as the present case, the judge is the sole arbiter of the credibility of witnesses, and the weight to be given to their specific testimony. *Gorra Realty, Inc.* v. *Jetmore,* 200 Conn. 151, 160, 510 A.2d 440 (1986); *State* v. *Battista,* 10 Conn. App. 499, 503, 523 A.2d 944 (1987). It is the right of the trier of fact to draw reasonable and logical inferences from the facts that it finds to be proved. *State* v. *Martin,* 195 Conn. 166, 171, 487 A.2d 177 (1985). We cannot substitute our judgment for that of the habeas court.

" ' "Defense counsel's performance must be reasonably competent or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law." ' " *Siemon* v. *Stoughton,* 184 Conn. 547, 554, 440 A.2d 210 (1981). The burden of proof is upon the petitioner to show that his trial counsel's performance fell below that standard. *State* v. *Gethers,* 193 Conn. 526, 541, 480 A.2d 435 (1984); *Siemon* v. *Stoughton,* supra. The habeas court's conclusion that the trial counsel's performance did not fall below that standard is clearly supported by the evidence.

The judgment is affirmed.

In this opinion the other judges concurred.