[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue in this Petition for a Writ of Habeas Corpus is whether or not trial and/or appellate counsel failed to render effective assistance to Mr. Flowers in violation of his State and Federal Constitutional rights.
On December 2, 1982 the petitioner was tried before a Jury with the Honorable Harry Hammer presiding. The petitioner was charged with murder in violation of C.G.S. Sec. 53a-54 (a)(c).
During the trial of the matter, the prosecution attempted to show that the petitioner shot the victim while they were sitting in an automobile. The prosecution's case relied upon the testimony of two expert witnesses and three friends of the petitioner.
Petitioner's defense was based on two theories. First, that the petitioner was too intoxicated to form the necessary intent to commit the crime. Second, that the victim committed suicide. The petitioner did not call any expert witnesses nor did the petitioner testify on his own behalf.
On December 28, 1982, the jury returned a verdict of guilty to the charge of murder, C.G.S. 53a-54a(a)(c). The petitioner was sentenced to twenty-five years to life. CT Page 6056 Petitioner appealed his conviction to the Connecticut Supreme Court. That court affirmed his conviction. State v. Flowers, 198 Conn. 542 (1986). Then petitioner filed a Writ of Habeas Corpus in Federal District Court claiming a speedy trial violation. His petition was granted. Flowers v. Warden, 677 F. Sup. 1275 (1988). But that ruling was reversed and the petition was dismissed by the Federal Appeals Court. Flowers v. Warden, 853 F.2d 131 (2nd Cir. 1988). The United States Supreme Court has denied certiorari.
Petitioner also filed a Writ of Habeas Corpus in Connecticut State Court. Petitioner claims he was denied effective assistance of trial and appellate counsel. An original habeas trial commenced on May 15, 1989 to litigate these issues. A mistrial was declared, however, when e conflict of interest was discovered.
"As a preliminary matter . . . . a petitioner in a habeas proceeding must allege and prove by a fair preponderance of the evidence that he did not deliberately bypass the exercise of his right to direct appeal." Tyson v. Warden, 24 Conn. App. 729,732 (1991). When the petition involves a claim of ineffective assistance of counsel, the deliberate bypass rule is relaxed for "`[A]ny claim invoking ineffective assistance of . . . counsel automatically satisfies the deliberate bypass requirement.' Valeriano v. Bronson, 209 Conn. 75, 85,546 A.2d 1380 (1988)" Tyson, at 733.
The specific claims of ineffective assistance are: (1) the failure of both trial and appellate counsel to argue the impropriety of the State's motion in limine which prevented the defendant from bringing up the then pending federal criminal charges against the witness, Cascuna; (2) the failure of trial counsel to take an exception to the court's instruction to the jury regarding the effect of intoxication on the element of the defendant's ability to formulate a specific intent; (3) the failure of trial counsel to properly preserve the record concerning the court's ruling allowing a defense witness to invoke her privilege to remain silent; (4) the failure of trial counsel to permit the petitioner to testify; and (5) the failure of counsel to properly investigate the case and/or his failure to call certain witnesses for the defense. The petitioner also claims to have been denied effective representation because his attorney failed to prevent certain colored photographs and videotapes from being introduced into evidence. The latter issue was not briefed, and the court considers it abandoned. State v. Ramsundar, 204 Conn. 4, 16 (1987). Even if the Court were to consider the issue, the record discloses that CT Page 6057 counsel did all he could to exclude their introduction.[1]
Habeas counsel abandoned the claims relating to the court's instruction to the jury regarding intoxication and to the court's ruling allowing De Grandis to invoke her fifth amendment privilege against self incrimination. Trial counsel testified that calling Barbara De Grandis who had a pending criminal charge of hindering prosecution and who was a friend of the petitioner and had known him for nine years, would benefit the defense, even if she took "the Fifth". He felt that her invocation of her Fifth Amendment rights would show the jury that the State was impeding the testimony of a helpful defense witness. Hence, he felt the jury would be sympathetic toward the petitioner. De Grandis had counsel in court with her. A complete record was made outside the presence of the jury. Flowers was counseled by his lawyer and had input into the decision whether or not to call De Grandis. The Court finds that the petitioner has failed to sustain his burden of proof with respect to the issue of De Grandis.
Turning to the petitioner's claim about the court's jury charge pertaining to intoxication, he has failed to sustain his burden of proof that the charge either misled the jury, failed to properly instruct the jury or that either trial or appellate counsel rendered ineffective assistance with respect to this claim. The court's instruction to the jury was lengthy, complete and fairly stated the law.
Trial counsel took exception to the court's instruction. The exception was really a claim that the statute regarding intoxication was unconstitutional.[2] Professor Sheldon (now Judge Michael Sheldon) who testified in the prior mistried habeas, stated that in his opinion the court's charge was not confusing and "was actually a rather good charge . . ." In addition, he felt that Hunt's exception to the charge was "totally without merit."
 The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater then the showing required to establish plain error on direct appeal." United States v. Frady, 456 U.S. 152, 166, 102 S. CT. 1584, 71 L.Ed.2d 816 (1982) citing Henderson v. Kibbe, 431 U.S. 145, 154, 52 L.Ed.2d 203, 97 S. CT 1730 (1977).
Petitioner's contention that he was denied his constitutional right to testify on his own behalf simply was CT Page 6058 not proven. Flowers' testimony in the habeas trial was not credible in light of the trial court's thorough canvass of him on the record, and Attorney Hunt's testimony. The petitioner was not a novice to our criminal justice system in 1982 and the court attaches no weight to his claim that he was either too confused to or simply was not informed that the decision to testify was his alone. Finally, Flowers has not shown that had he testified, the result would have been different. See Levine v. Manson, 195 Conn. 636, 640 (1985).
The final claim of Mr. Flowers is that trial counsel rendered ineffective assistance by failing either to properly investigate and/or to call certain witnesses for the defense including: (1) an expert who would testify about his intoxication; (2) one Wiley, who would contradict the testimony of a state's witness concerning possession of the murder weapon; and (3) some unnamed expert who might testify about the victim's depression and/or his inclination to kill himself. With respect to expert testimony about Flowers' intoxication, such opinion would of necessity have been based upon the testimony of those persons who actually observed the petitioner on the evening the death occurred. Lay people can give their opinion about intoxication based upon their personal observations. State v. Sullivan, 2 Conn. Cir. 412, 418 (1964) citing, State v. Jones, 124 Conn. 664, 668 (1938). Expert testimony would have been superfluous at best. There is no way to determine whether or not it would have been believed nor was there any proof that had it been offered that there was a reasonable likelihood that the verdict would have changed.
Concerning the petitioner's claim that counsel either failed to investigate or produce expert evidence of the victim's mental state, there was no evidence produced in the habeas proceeding to indicate that the victim was professionally treated for depression or suicidal ideations. Trial counsel did subpoena the victim's brother who testified that the deceased was using drugs and was generally unhappy with the way his life was going. Consequently the Court finds the petitioner's claim meritless.
Mr. Wiley allegedly would have testified that Denker, the gun owner, loaned the murder weapon to Wiley, not the petitioner. This testimony would have contradicted Denker's testimony that he had loaned the gun to Flowers and that Flowers never returned it to him. Counsel cross-examined Denker on this point. Denker testified that two days after he purchased the weapon he allowed Wiley to borrow it and that Wiley returned it to him less than forty-eight hours later. The petitioner has failed to make a showing that his CT Page 6059 lawyer's trial preparation was inadequate or that the claims of deficiency adversely affected the presentation of the case so that he was denied a fair trial. Aillon v. Meachum,211 Conn. 352, 365, 559 A.2d 206 (1989). The petitioner seems to feel that he is entitled to a perfect trial. He is not. He is entitled to a fair trial. He, in fact, had a fair trial during which no miscarriage of justice nor prejudice to him occurred.[3]
The petition is ordered dismissed.
Hon. Howard Scheinblum Superior Court Judge