[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
After a trial to a jury, the petitioner was convicted of the crime of Manslaughter in the First Degree in violation of C.G.S. Section 53a-55. He appealed. The conviction was upheld. The facts underlying the conviction are set forth in the Appellate Court decision, State v. Smith, 16 Conn. App. 223,224-226 (1988).
Shortly after bringing his habeas corpus petition, the office of the Public Defender was appointed to represent Smith. A special public defender was appointed later to represent the petitioner. While he was represented by counsel, the petitioner filed a pro se appearance in addition to his attorney's. Within a week of filing his pro se appearance Smith filed a pleading entitled "Motion to Strike the Return". He continued to file his own pleadings thereafter. Subsequently, the petitioner and his lawyer had a falling out. The essence of their disagreement was the petitioner's attorney's refusal to plead claims that he considered to be frivolous. Counsel was allowed to withdraw.
The petitioner represented himself from that, point. He posits four reasons why he is entitled to habeas corpus relief:
(1) The state failed to disclose exculpatory evidence.
 (2) The introduction into evidence at trial of bullets seized from his bedroom closet served only to prejudice the jury rather than to provide any evidentiary value.
(3) He was not allowed to testify in his own defense.
 (4) His trial attorney failed to adequately investigate the case and failed to call certain witnesses who would have established a reasonable doubt of guilt in the minds of the jury.
Other than the petitioner, the only witness to testify on behalf of Mr. Smith was his trial counsel, Barry Johnson Fay. Mr. Fay testified that Smith and he discussed an alibi defense, but that the Petitioner refused to disclose to him the names of alibi witnesses. Counsel was unable to investigate the alibi defense or to proceed with that defense at trial. Smith's claim with respect to his lawyer's failure to investigate and/or call witnesses on petitioner's behalf has no basis in fact. Mr. Smith's assertions to the contrary are not credible.
The petitioner claimed that he was denied his constitutional CT Page 565 right to testify in two different ways. First, Smith stated that his attorney physically restrained him. Second, the petitioner testified that he was so traumatized from the effects of a motor vehicle accident that occurred while he was being transported to court on the day he would have testified, that he was rendered incompetent to testify.
With respect to his allegation that trial counsel physically restrained Mr. Smith, the court finds that the more reliable testimony with respect to that issue came from Mr. Johnson Fay. Counsel testified that he never physically restrained his client. Mr. Johnson Fay stated that he and Smith discussed the issue several times and that the petitioner never wanted to testify at trial. After the state rested, Mr. Smith and trial counsel again discussed Smith's taking the stand. Smith agreed with his Attorney's recommendation and he did not testify.
The petitioner's claim that he suffered severely from the effects of a motor vehicle incident are ludicrous. The Department of Correction Incident Report[1] indicates that on February 2, 1987 at about 10 A.M. the sheriff's van was backing into the receiving area of the Superior Court in New Haven. It was travelling at about two miles per hour when it struck a gate, causing the operator to suddenly brake.
At about 6:20 P.M. that same date, Smith, for the first time, reported that he had hit his head against the back door of the van. Upon examination, the medic noted that there was no swelling, that Smith had no difficulty hearing and no other visible injury. The medic discovered no injuries whatsoever.
Smith never told his trial attorney that he was injured nor did he inform the court of any injuries. His trial counsel did not discern any diminution in Smith's ability to understand the proceedings and/or assist in his own defense.
The only logical conclusion to make is that if Mr. Smith was injured on the morning in question, the injuries in no way impacted upon his ability to proceed with the trial.
Smith's counsel filed a motion to suppress the introduction of a box of bullets into evidence. He was unsuccessful in his attempt to keep them from the trier. It cannot be said, however, the trial court abused its discretion allowing the bullets to be introduced or that petitioner's trial counsel rendered ineffective assistance because he was unable to keep them from the jury.
Smith finally alleges that the state failed to disclose evidence. He bases this claim on the fact that CT Page 566 three witnesses, namely Elizabeth Gamble, Brenda White and Rosa Casellas were unable to make a positive identification of the petitioner. The state introduced other evidence, including the testimony of the petitioner's cousin, Robert Tate, sufficient to sustain a verdict of guilty. It is not the function of the habeas trier to act as an additional juror. The failure of the three aforementioned witnesses to positively identify Smith was not tantamount to a failure by the State to disclose exculpatory evidence.
Petitioner's other claims with respect to his attorney's pre-trial investigation and/or cross-examination of certain witnesses are meritless. Smith is unable to accept the fact that he was convicted after a fair trial during which he was represented by counsel of his own choosing. He seems to feel that he was entitled to a perfect trial. No such standard applies, however, when testing whether or not an individual was denied his right to effective assistance of counsel. See State v. Barber, 173 Conn. 153, 161 (1977). The petitioner has failed to prove either prong of the standard enunciated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 205,80 L.Ed.2d 674 (1989). See also State v. Gethers, 193 Conn. 526, 541
(1984), Tyson v. Warden, 24 Conn. App. 729 (1991).
For all the foregoing reasons, the petition for a writ of habeas corpus is denied.
SCHEINBLUM, JUDGE