[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ARTICULATION OF DECISION
In a memorandum of decision dated February 10, 1995, the court sustained this appeal from a decision of the defendant Waterbury Retirement Board (the "Board"). The plaintiff later requested articulation of an issue which was not addressed in the memorandum of decision, i.e. whether the Board acted with gross negligence, bad faith or malice in deciding to deny reinstatement to the plaintiff. The court has granted the request for articulation and overruled the defendants' objection thereto.
The plaintiff alleged in his appeal that the Board acted with gross negligence in making the decision to deny him reinstatement. This issue was not addressed in the court's memorandum of decision, however, because it was not briefed by the plaintiff. When a party fails to brief his or her affirmative claim, the trial court can properly consider it abandoned. Collins v. Goldberg, 24 Conn. App. 733, 738 (1992).
The court finds that the plaintiff abandoned the issue of whether the Board acted with gross negligence because the plaintiff did not brief the issue. Moreover, even if the issue had not been abandoned, the court would not find that the Board acted with gross negligence. The plaintiff failed to sustain his burden of proof to show that the Board acted with gross negligence.
VERTEFEUILLE, J.