[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
By way of a two count complaint, dated February 2, 1995, the Plaintiff brought an action against The Hertz Corporation (Hertz) for allegedly violating General Statutes (Rev. to 1993) §14-153b[1] (§ 14-153b) and therefore also violating §42-110m[2] of the Connecticut Unfair Trade Practices Act (CUTPA). On March 3, 1995, the Defendant filed a motion to strike the complaint. This motion was denied. See State v. Hertz Corp.,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 705667 (May 8, 1995, Berger, J.) (14 Conn. L. Rptr. 249). The Plaintiff is now moving for summary judgment and relies on Judge Berger's decision to prove the allegations of its complaint. The Defendant opposes the motion for summary judgment, maintaining that it has not violated either §14-153b or § 42-110m. The Defendant further argues that Judge Berger's decision did not make determinations of fact, but simply decided that the allegations in Plaintiff's complaint were sufficient to withstand a motion to strike. Neither party CT Page 1613 submitted any supporting evidentiary documents.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 384 [now § 17-49]. Peerless Ins. Co. v. Gonzalez,241 Conn. 476, 481, 697 A.2d 680 (1997)." (Internal quotation marks omitted.) Alvarez v. New Haven Register, Inc., 249 Conn. 709,714, 735 A.2d 306 (1999). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . [Miller v. UnitedTechnologies Corp., 233 Conn. 732, 745, 660 A.2d 810 (1995).] The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law; D.H.R. Construction Co. v. Donnelly,180 Conn. 430, 434, 429 A.2d 908 (1980). . . ." (Internal quotation marks omitted.) Rivera v. Double A Transportation,Inc., 248 Conn. 21, 24, 727 A.2d 104 (1999). "[U]nadmitted allegations in the pleadings do not constitute proof of the existence of a genuine issue as to any material fact on a motion for summary judgment." New Milford Savings Bank v. Roina,38 Conn. App. 240, 245, 659 A.2d 1226 (1995).
The Plaintiff submitted the following as "documentary proof": a) Memorandum of Decision on Motion to Strike (Berger, J.); b) the complaint; c) the Defendant's answer' and d) Regs., Conn. State Agencies §§ 14-137-115 through 14-137-119. The Defendant submitted the complaint, the answer and the regulations. None of these amount to sufficient proof.
The Plaintiff alleges in its complaint that Hertz violated § 14-153b "by requiring a customer who desires to rent a passenger motor vehicle to either: (a) show proof that he or she holds a card provided by a credit card issuer as a condition to the rental of a passenger motor vehicle or (b) pay an additional $15.00 processing fee, wait up to thirty days for approval of a cash rental application and post a cash deposit." (Complaint, ¶ 6.) In its summary judgment support memorandum, the Plaintiff states that "the defendant admitted the factual allegations in paragraph 6." (Plaintiff's Memorandum, p. 5.) In fact, the Defendant specifically denies that it violated §14-153b in its answer. (Hertz's Answer, ¶ 6.) Hertz does admit, however, that it required a processing fee to obtain a CT Page 1614 Hertz Cash Deposit Identification Card (ID) from its customers who did not have a credit card, and that the processing of this ID application could take up to thirty days. Id. What remains is a determination of whether this policy, which was amended by Hertz in 1996[3] so as not to impose any processing fee or potential waiting period, was a violation of § 14-153b. The Plaintiff has wholly failed to prove this contention.
The Defendant has offered the regulations of the Department of Motor Vehicles, as amended in 1998, to support its position that Hertz's policy in 1995 was not in violation of § 14-153b. Section 14-137-119 of the Regulations of Connecticut State Agencies provides in relevant part that "no licensee shall impose any additional fees or conditions on customers who do not show proof of holding a [credit] card [and] . . . in the event there is a waiting period associated with the policies of a licensee for customers who do not show proof of holding a [credit] card . . ., such waiting period shall be deemed an additional condition if it exceeds one (1) business day." Hertz reasons, and the Court agrees, that if such requirements as a processing fee and waiting period were clear violations of § 14-153b back when the complaint was filed, then the above quoted regulation would not have been necessary. Therefore, whether Hertz's then policy was in violation of § 14-153b is a genuine issue of material fact which remains to be proven.
Further, the Plaintiff's reliance on Judge Berger's decision as the law of the case is misguided. That decision concerned a motion to strike. This matter concerns a motion for summary judgment. What the plaintiff has properly alleged to survive a motion to strike and what the plaintiff has proven to warrant the granting of summary judgment are two entirely different matters.
Finally, what amounts to a violation of CUTPA is a question of fact. See DeMotses v. Leonard Schwartz Nissan, Inc.,22 Conn. App. 464, 466, 578 A.2d 144 (1990); see also Atlantic RichfieldCo. v. Canaan Oil Co., 202 Conn. 234, 238, 520 A.2d 1008 (1987). The Plaintiff has submitted no evidence to prove its allegations. Therefore, the issues of whether Hertz's pre-1996 policy violated the public policy intent of § 14-153b and whether Hertz has also therefore violated CUTPA remain to be proven. Given that such genuine issues of material fact remain to be determined, summary judgment is not appropriate. Accordingly, Plaintiff's motion for summary judgment is denied. CT Page 1615
David L. Fineberg Superior Court Judge