## State of Connecticut *v.* Nathaniel Nelson (14250)

Peters, C. J., Shea, Callahan, Glass and Borden, Js.

Argued January 9—decision released April 14, 1992

*Lauren Weisfeld,* assistant public defender, with whom, on the brief, was *G. Douglas Nash,* public defender, for the appellant (defendant).

*Jack W. Fischer,* deputy assistant state's attorney, with whom, on the brief, were *John A. Connelly,* state's attorney, and *Bradford J. Ward* and *Marcia Smith,* supervisory assistant state's attorneys, for the appellee (state).

Callahan, J. The sole issue in this appeal is whether the record adequately demonstrates that the defendant, Nathaniel Nelson, knowingly entered his plea of

nolo contendere.[1] On January 15, 1991, apparently as the result of a plea bargain with the state, the defendant entered a plea of nolo contendere pursuant to General Statutes § 54-94a[2] to the charge of felony murder in violation of General Statutes § 53a-54c.[3] The trial court accepted the plea and sentenced the defendant to a term of thirty-five years imprisonment. Thereafter, the defendant appealed to this court. We affirm the judgment.

[1] Although the defendant asserts in his brief that the plea of nolo contendere was unconstitutional because it was not knowing, intelligent or voluntary, at oral argument he conceded that the gravamen of his claim was that the plea was not entered knowingly.

[2] General Statutes § 54-94a provides: "CONDITIONAL NOLO CONTENDERE PLEA. APPEAL OF DENIAL OF MOTION TO SUPPRESS OR DISMISS. When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's motion to suppress evidence based on an unreasonable search or seizure, motion to suppress statements and evidence based on the involuntariness of a statement or motion to dismiss, the defendant after the imposition of sentence may file an appeal within the time prescribed by law. The issue to be considered in such an appeal shall be limited to whether it was proper for the court to have denied the motion to suppress or the motion to dismiss. A plea of nolo contendere by a defendant under this section shall not constitute a waiver by the defendant of nonjurisdictional defects in the criminal prosecution."

[3] General Statutes § 53a-54c provides: "A person is guilty of murder when, acting either alone or with one or more persons, he commits or attempts to commit robbery, burglary, kidnapping, sexual assault in the first degree, sexual assault in the first degree with a firearm, sexual assault in the third degree, sexual assault in the third degree with a firearm, escape in the first degree, or escape in the second degree and, in the course of and in furtherance of such crime or of flight therefrom, he, or another participant, if any, causes the death of a person other than one of the participants, except that in any prosecution under this section, in which the defendant was not the only participant in the underlying crime, it shall be an affirmative defense that the defendant: (A) Did not commit the homicidal act or in any way solicit, request, command, importune, cause or aid the commission thereof; and (B) was not armed with a deadly weapon, or any dangerous instrument; and (C) had no reasonable ground to believe that any other participant was armed with such a weapon or instrument; and (D) had no reasonable ground to believe that any other participant intended to engage in conduct likely to result in death or serious physical injury."

The facts upon which the defendant's plea was based are as follows. On October 8, 1988, the defendant, Rodney Kyles,[4] John Hofler and two other men drove together to the north end of Waterbury intending to commit an armed robbery. At approximately 11:30 p.m., the men entered an after hours club on Walnut Street where gambling was taking place. The defendant, armed with a sawed-off shotgun, Kyles, armed with a .38 caliber pistol, another man, also armed, and Hofler ordered the occupants of the club to lie on the floor and to surrender their valuables. Upon encountering resistance from Thompson Lyn, a patron of the club, the defendant struck Lyn in the head with the shotgun. In the course of the robbery, another man, Robert "Butch" Clark, emerged from a bathroom in the club. Clark, aware that a robbery was taking place, attempted to evade Kyles and leave the club, but Kyles grabbed Clark and ordered him down onto the floor. Clark resisted Kyles, however, and the two men struggled. During the struggle, Kyles shot Clark three times, killing him. The robbers then fled, taking approximately four hundred dollars in cash.

On January 15, 1991, the state filed a substitute information charging the defendant with felony murder in violation of § 53a-54c. On that date, the defendant submitted a plea of nolo contendere to the trial court. Prior to accepting the defendant's plea, the court fully and accurately informed the defendant of his rights to a jury trial, to a speedy trial, and to confront the witnesses against him. The defendant waived those rights. Regarding the defendant's right against self-incrimination, the court stated, "[y]ou don't have to incriminate yourself by entering a plea such as you did as a nolo contendere plea, but you waive all the rights

---

[4] As a result of this incident, Rodney Kyles was convicted of felony murder and robbery in the first degree and was sentenced to eighty years imprisonment. His appeal is presently before this court.

and privileges that you have under the United States constitution once you enter that plea. Are you aware of that?" The defendant acknowledged that he was aware of those constitutional rights and understood that he was waiving them. The court, thereafter, accepted the defendant's plea.

The defendant claims that his plea of nolo contendere was not made knowingly because, at the time that his plea was entered, the trial court did not inform him that if he went to trial he would have the privilege against self-incrimination. He argues that, as a result, his federal constitutional right to due process was violated and he is entitled to withdraw his plea.[5] We are unpersuaded.

Initially, the defendant concedes that he failed to preserve this claim below, and he seeks relief in accordance with *State* v. *Golding,* 213 Conn. 233, 567 A.2d 823 (1989). "In order to prevail on appeal on a constitu-

---

[5] The defendant also asserts that he is entitled to withdraw his plea because the plea canvass failed to comply with Practice Book § 711, which requires that the trial court shall not accept a plea of guilty or nolo contendere without informing the defendant that he has the right, inter alia, to trial and the right "not to be compelled to incriminate himself" at that trial. Practice Book § 720, however, requires that a motion to withdraw a plea be made prior to sentencing. No such motion was made in this case, and the issue was not otherwise preserved at trial. Although the defendant suggests that the trial court's alleged failure to comply with the Practice Book constitutes plain error as contemplated by Practice Book § 4185, we do not agree. "Such review is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings." (Internal quotation marks omitted.) *Ralto Developers, Inc.* v. *Environmental Impact Commission,* 220 Conn. 54, 59, 594 A.2d 981 (1991). We have stated that "[a] defendant can voluntarily and understandingly waive [his constitutional] rights without literal compliance with the prophylactic safeguards of Practice Book §§ 711 and 712." *State* v. *Badgett,* 200 Conn. 412, 418, 512 A.2d 160, cert. denied, 479 U.S. 940, 107 S. Ct. 423, 93 L. Ed. 2d 373 (1986). Therefore, to the extent that the Practice Book provides the defendant with greater protection than the federal constitution, the defendant has waived that protection.

tional claim, that has not been adequately preserved at trial, the defendant must meet all of the following conditions: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Internal quotation marks omitted.) *State* v. *Pinnock,* 220 Conn. 765, 778, 601 A.2d 521 (1992); *State* v. *Golding,* supra, 239–40. "We have also held that we remain free to dispose of the claim by focusing on whichever condition is most relevant in the particular circumstances." (Internal quotation marks omitted.) *State* v. *Pinnock,* supra; *State* v. *Watlington,* 216 Conn. 188, 192, 579 A.2d 490 (1990); *State* v. *Golding,* supra, 240.

The United States Supreme Court has held that in order for the acceptance of a defendant's plea of guilty to comport with due process, the plea must be voluntarily and knowingly entered.[6] *Boykin* v. *Alabama,* 395 U.S. 238, 243–44, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). *Boykin* set forth three federal constitutional rights of which the defendant must be cognizant prior to entering a plea. "First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. . . . Second, is the right to trial by jury. . . . Third, is the right to confront one's accusers." (Citations omitted.) Id., 243; *Mainiero* v. *Liburdi,* 214 Conn. 717, 725, 573 A.2d 1207 (1990). A plea that is not entered knowingly violates due process

---

[6] We have held that for these purposes, there is no practical distinction between a plea of guilty and a plea of nolo contendere. *State* v. *Badgett,* 200 Conn. 412, 417, 512 A.2d 160, cert. denied, 479 U.S. 940, 107 S. Ct. 423, 93 L. Ed. 2d 373 (1986).

and is absolutely void. *State* v. *Niblack,* 220 Conn. 270, 278, 596 A.2d 407 (1991); *State* v. *Lopez,* 197 Conn. 337, 341, 497 A.2d 390 (1985). Furthermore, a reviewing court cannot presume from a silent record that a defendant knowingly waived these three important federal rights. *Boykin* v. *Alabama,* supra; *State* v. *Badgett,* 200 Conn. 412, 419–20, 512 A.2d 160, cert. denied, 479 U.S. 940, 107 S. Ct. 423, 93 L. Ed. 2d 373 (1986).

The defendant contends that he was not adequately informed of his privilege against self-incrimination as mandated by *Boykin.* He claims that *Boykin* necessitates that he be informed, at the time of his plea, that if he went to trial, he could not be compelled to testify or incriminate himself.[7] We disagree.[8]

*Boykin* does not explicitly delineate the scope of the application of the trial court's obligation to inform the defendant of his "privilege against compulsory self-incrimination." Viewing that obligation in the context of the entire *Boykin* opinion, however, we conclude that the federal constitution requires only that a defendant, at the time of the entry of a plea of guilty or nolo con-

---

[7] The defendant asserts in his brief, without citation to any authority, "[t]he privilege against self-incrimination is not limited to the right not to enter a guilty or nolo plea. Of paramount importance is the right not to incriminate oneself *at trial . . . .*" (Emphasis in original.)

[8] The state contends that on June 21, 1990, the defendant entered a plea of guilty that was later withdrawn, and that at that time, the trial court fully informed him in accordance with Practice Book § 711. The state further contends that even if the defendant was not adequately informed at the time he entered his nolo contendere plea that he could not be compelled to testify or otherwise incriminate himself at trial, the prior canvass was sufficient to protect the defendant's constitutional rights. See *State* v. *Badgett,* 200 Conn. 412, 418–20, 512 A.2d 160, cert. denied, 479 U.S. 940, 107 S. Ct. 423, 93 L. Ed. 2d 373 (1986). Because we conclude that a canvass in conformance with the defendant's contentions is not constitutionally mandated, we do not address the state's claim that the prior canvass was sufficient to inform the defendant of his rights at the time of the nolo contendere plea.

tendere, be informed by the court that, in conformity with his right against self-incrimination, he could not be compelled to enter that plea.

In *Boykin,* the court recognized that the entry of a plea of guilty was incriminating, and analogized the entry of a plea to the admission into evidence of a defendant's confession. The court stated: "A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment. . . . Admissibility of a confession must be based on a reliable determination on the voluntariness issue which satisfies the constitutional rights of the defendant." (Citation and internal quotation marks omitted.) *Boykin* v. *Alabama,* supra, 242.

In a similar context, the United States Supreme Court has also stated "[t]hat a guilty plea is a grave and solemn act to be accepted only with care and discernment has long been recognized. Central to the plea and the foundation for entering judgment against the defendant is the defendant's admission in open court that he committed the acts charged in the indictment. He thus stands as a witness against himself and he is shielded by the Fifth Amendment from being compelled to do so—hence the minimum requirement that his plea be the voluntary expression of his own choice." *Brady* v. *United States,* 397 U.S. 742, 748, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970).

It is evident that the United States Supreme Court views the entry of a guilty plea as comparable to the admission into evidence of a confession. That court has observed that because a confession is incriminating, its admissibility depends upon the defendant having been told that he has a right against self-incrimination in order to ensure a "reliable determination on the voluntariness issue." (Internal quotation marks omitted.)

*Boykin* v. *Alabama,* supra, 242. Because a guilty or nolo contendere plea has much the same impact as a confession, that court has mandated that the defendant be informed that he need not enter the plea. The tenor of the *Boykin* opinion does not support the defendant's contention that the federal constitution requires that he be informed, at his plea canvass, that his right against self-incrimination also protects him from being compelled to testify at a trial. We conclude that, for protection of his privilege against self-incrimination, the federal constitution mandates only that a defendant be apprised of the fact that he does not have to enter a plea of guilty or nolo contendere and thus incriminate himself. See *United States* v. *Polk,* 908 F.2d 212, 214–15 (7th Cir. 1990), and *United States* v. *Dickerson,* 901 F.2d 579, 583 (7th Cir. 1990) (concluding that the *Boykin* test was satisfied where the defendant was informed, as required by Illinois Supreme Court Rule 402 [a], that he had a right " 'to plead not guilty . . . and . . . that if he pleads guilty there will not be a trial of any kind so that by pleading guilty he waives the right to a trial by jury and the right to be confronted with the witnesses against him' ").

The court's canvass, prior to the acceptance of the defendant's plea, adequately informed him that he possessed a right against self-incrimination that guaranteed that he need not incriminate himself by entering a plea of nolo contendere. The federal constitution requires no more. *Boykin* v. *Alabama,* supra. Therefore, the defendant has failed to establish that "the alleged constitutional violation clearly exists." *State* v. *Golding,* supra, 239–40.

The judgment is affirmed.

In this opinion the other justices concurred.