STATE OF CONNECTICUT *v.* DONALD LEE MCELYEA
(13844)

Foti, Landau and Spear, Js.

Argued November 7, 1995—decision released January 2, 1996

---

*Richard Emanuel,* assistant public defender, for the appellant (defendant).

*Paul J. Ferencek,* assistant state's attorney, with whom, on the brief, were *James E. Thomas,* state's attorney, *Joan Alexander,* assistant state's attorney, and *David J. Sheldon,* former deputy assistant state's attorney, for the appellee (state).

FOTI, J. The defendant appeals from the judgment of conviction rendered after his plea of guilty under the *Alford* doctrine[1] to attempted assault in the first degree in violation of General Statutes §§ 53a-49 and 53a-59 (a) (1), and burglary in the first degree in violation of General Statutes § 53a-101 (a) (1).[2] The sole issue in this appeal is whether the defendant's pleas were obtained in violation of his constitutional rights,[3] specifically, the fourteenth amendment to the United States constitution, and article first, § 8, of the Connecticut constitution. At no time did the defendant seek to withdraw his pleas of guilty. Because the defendant's claim implicates the failure of the trial court to apprise him of the constitutionally mandated requirements for a valid plea, his claim is properly reviewable despite the absence of a motion to withdraw those pleas. *State* v.

[1] *North Carolina* v. *Alford,* 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[2] These charges were filed in a substitute long form information on March 17, 1994. By previous original information filed on January 11, 1994, the defendant had been charged additionally with the crimes of attempted murder in violation of General Statutes §§ 53a-49 (a) (2) and 53a-54a (a), attempted kidnapping in the first degree with a firearm in violation of General Statutes §§ 53a-49 (a) (2) and 53a-92a, and carrying a pistol without a permit in violation of General Statutes § 29-35.

[3] The defendant also claims that his guilty pleas were obtained in violation of the rules of practice, in that the trial court failed to comply with the dictates of Practice Book § 711 (5) and seeks plain error review on this unpreserved claim. We will not review this claim. See *State* v. *Nelson,* 221 Conn. 635, 605 A.2d 1381 (1992).

*Badgett*, 200 Conn. 412, 418, 512 A.2d 160, cert. denied, 479 U.S. 940, 107 S. Ct. 423, 93 L. Ed. 2d 373 (1986).

On August 19, 1993, at approximately 8 a.m., the defendant, a resident of Tennessee, broke into the house of his former wife, pointed a loaded gun at her husband, threatened to kill him, asked if there was a death penalty in this state, and pulled the trigger three times. The weapon misfired each time and three of the cartridges in the gun showed signs of having been struck by the firing pin. After the incident, the defendant's former wife and her husband did not notify the police and the defendant returned to Tennessee. Four days later, on August 23, 1993, the defendant threatened his former wife by telephone, prompting her to file a complaint with the police. On August 26, 1993, a warrant was issued for the defendant's arrest and the authorities subsequently returned the defendant to Connecticut.[4] On December 22, 1993, the defendant was arraigned.[5] He was advised of his rights, including "the right to plead not guilty to the charges against you and have a trial in front of either a judge or a jury." He thereafter acknowledged that he had heard and understood the court's advisement of his rights. A public defender was appointed and bail was set. On January 11, 1994, private counsel filed his appearance and entered pro forma not guilty pleas to all of the counts on the long form information that had been filed.[6] An election of trial by jury was made, and the matter was continued. On March 17, 1994, the state filed a substitute long form information that omitted three of the five counts. The defendant, with counsel, withdrew his prior pleas and his election to be tried by a jury, and entered his guilty pleas. During

[4] The defendant does not contest the adequacy of the factual basis for his pleas.

[5] At this initial arraignment he was charged on a short form information with attempted murder, attempted kidnapping in the first degree with a firearm, and burglary in the first degree.

[6] See footnote 2.

the plea colloquy, the trial court advised the defendant that he was giving up his right to a trial, rather than waiving his right to a *jury* trial.[7]

The defendant contends that this matter is distinguishable from *State* v. *Badgett,* supra, 200 Conn. 412. We do not agree. In *Badgett,* our Supreme Court concluded "that the trial court's express mention of waiver of the right to *trial,* combined with the defendant's prior election for a jury trial, his experience with criminal proceedings and apparently adequate representation by counsel, satisfy the constitutional requirement [of a waiver of his right to a jury trial as enunciated in *Boykin* v. *Alabama,* 395 U.S. 238, 243, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969)]." (Emphasis in original.) *State* v. *Badgett,* supra, 419–20. Although the record fails to disclose that the defendant had any prior experience with the criminal justice system, in all other respects, the factors considered by our Supreme Court in *Badgett* exist herein.[8] The defendant, a college graduate, cannot prevail on his claim that his plea was not knowingly, voluntarily and intelligently made because he was not adequately advised that his plea operated as a waiver of his constitutional right to a jury trial. *Badgett* is controlling.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[7] During the plea canvass, the trial court on different occasions referred to "the trial," "a trial," "trial," "your trial" and "go to trial."

[8] While the record in *Badgett* is silent as to the defendant's being advised of his right to a jury trial, and our Supreme Court presumed that "the defendant must have been advised of his right to a trial by either the court or a jury, because he elected a jury trial"; *State* v. *Badgett,* supra, 200 Conn. 419; the record in this case is clear that the defendant was so advised and that he heard and understood that advisement and had no questions concerning his rights. Moreover, the time between the arraignment and the withdrawal of plea and election in *Badgett* was ten months; in the case at hand the period was only three months.