STATE OF CONNECTICUT *v.* ROBERT HOLMES
(AC 22799)

Flynn, West and McLachlan, Js.

Argued May 29—officially released August 5, 2003

*Matthew J. Collins*, special public defender, for the appellant (defendant).

*Julia K. Conlin*, deputy assistant state's attorney, with whom, on the brief, was *Mary M. Galvin*, state's attorney, for the appellee (state).

*Opinion*

FLYNN, J. The defendant, Robert Holmes, appeals from the judgment of conviction rendered following his plea of guilty of assault in the first degree in violation of General Statutes § 53a-59. On appeal, the defendant claims that he is entitled to plain error review on the ground that his plea of guilty was not entered knowingly

and voluntarily because (1) the trial court failed to advise him that he enjoyed a right against self-incrimination and that by pleading guilty he was waiving that right and (2) the totality of the circumstances illustrates that he did not understand fully the rights he was waiving. We affirm the judgment of conviction.

The following facts and procedural history are relevant to our resolution of this appeal. While in an automobile with his wife, the victim, the defendant repeatedly stabbed her in the upper torso, arms and chest. Once the victim finally was able to free herself from the defendant, she ran to a nearby auto body shop, where an ambulance arrived to transport her to a hospital. The victim underwent emergency surgery for her life threatening injuries, and she now suffers from permanent significant scarring of her torso and arms.

On November 13, 2001, after entering into a plea agreement with the state, the defendant withdrew his plea of not guilty and pleaded guilty to assault in the first degree. In accordance with the plea agreement, the state nolled a kidnapping charge and withdrew a persistent offender, part B information. Before accepting the guilty plea, the court canvassed the defendant in accordance with Practice Book §§ 39-19[1] and

[1] Practice Book § 39-19 provides: "The judicial authority shall not accept the plea without first addressing the defendant personally and determining that he or she fully understands:

"(1) The nature of the charge to which the plea is offered;

"(2) The mandatory minimum sentence, if any;

"(3) The fact that the statute for the particular offense does not permit the sentence to be suspended;

"(4) The maximum possible sentence on the charge, including, if there are several charges, the maximum sentence possible from consecutive sentences and including, when applicable, the fact that a different or additional punishment may be authorized by reason of a previous conviction; and

"(5) The fact that he or she has the right to plead not guilty or to persist in that plea if it has already been made, and the fact that he or she has the right to be tried by a jury or a judge and that at that trial the defendant has the right to the assistance of counsel, the right to confront and cross-examine

$39\text{-}20^2$ and found the plea to be entered knowingly and voluntarily. The court reviewed the maximum penalty for assault in the first degree and the mandatory minimum sentence. The defendant also was advised of the elements of the charge and questioned regarding the voluntariness of his plea. The defendant affirmed that his attorney had answered all of his questions and confirmed that no one was forcing him to plead guilty or to give up his right to a trial. The court also questioned the defendant on whether he knew that he was giving up his right to a trial and all that a trial contains, including the right to a jury, the right to testify, the right to present a defense and the right to cross-examine witnesses. The defendant stated that he understood the waiver of those rights. The court then asked if the defendant had any questions, to which the defendant stated that he did not.

Thereafter, the court proceeded to notify the defendant that once the guilty plea was accepted, the defendant could not withdraw this plea without a legal reason and court approval. The defendant stated that he understood this and had no questions for his attorney or the court.

At two points in the canvass, there was some confusion. The defendant at first thought that his plea agreement was for forty years of incarceration suspended after twenty. The court apprised the defendant that his plea was actually for a maximum of twenty years of incarceration, with the right to argue for less,

witnesses against him or her, and the right not to be compelled to incriminate himself or herself."

[2] Practice Book § 39-20 provides: "The judicial authority shall not accept a plea of guilty or nolo contendere without first determining, by addressing the defendant personally in open court, that the plea is voluntary and is not the result of force or threats or of promises apart from a plea agreement. The judicial authority shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the prosecuting authority and the defendant or his or her counsel."

and a minimum of five years. The defendant and his attorney were also unclear as to whether the defendant still was serving a term of probation. The court explained to the defendant that any term of probation that he was still serving would be factored into his sentence, but he would not receive more than twenty years of incarceration. On both of these issues, the defendant stated that he understood his sentence.

The defendant did not have a factual dispute as to the basis of the guilty plea.[3] Neither party knew of any reason that the plea should not be accepted. On the basis of these facts, the court found that there was a factual basis for the plea and that the plea was knowingly and voluntarily entered into with a full understanding of the consequences and with the assistance of competent counsel. At the end of the hearing, the court accepted the defendant's guilty plea.

On November 21, 2001, the defendant filed a written motion to withdraw his plea pursuant to Practice Book § 39-27.[4] In that motion, the defendant claimed that his plea was not knowing and voluntary. The court ques-

---

[3] The defendant did not dispute the assault, but did contest the location of the attack.

[4] Practice Book § 39-27 provides: "The grounds for allowing the defendant to withdraw his or her plea of guilty after acceptance are as follows:

"(1) The plea was accepted without substantial compliance with Section 39-19;

"(2) The plea was involuntary, or it was entered without knowledge of the nature of the charge or without knowledge that the sentence actually imposed could be imposed;

"(3) The sentence exceeds that specified in a plea agreement which had been previously accepted, or in a plea agreement on which the judicial authority had deferred its decision to accept or reject the agreement at the time the plea of guilty was entered;

"(4) The plea resulted from the denial of effective assistance of counsel;

"(5) There was no factual basis for the plea; or

"(6) The plea either was not entered by a person authorized to act for a corporate defendant or was not subsequently ratified by a corporate defendant."

tioned the defendant as to the basis of his motion. Upon finding that there was no legal basis underlying the motion to withdraw his plea, the court denied it. The defendant does not challenge that ruling.

The court held a sentencing hearing on January 10, 2002, at which time both the state and victim argued for a twenty year sentence. The defendant, through his counsel, argued for a sentence of fifteen to seventeen years. The defendant also spoke at the sentencing, asserting to the court that most of what had happened was the fault of the victim. The court stated that it had considered rejecting the plea agreement because it was not sure that a sentence of twenty years was long enough in light of the actions of the defendant. The court noted the defendant's extensive background of violent acts against women, the severity of his attack on the victim, his persistent attempts to blame others for his violent actions and his complete lack of remorse. The court, however, did accept the plea agreement and sentenced the defendant to twenty years incarceration.

The defendant now appeals, seeking plain error review, on the ground that his guilty plea was not knowingly and voluntarily entered.

"Practice Book § 60-5 provides in relevant part: The court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. The court may in the interests of justice notice plain error not brought to the attention of the trial court. . . . As we recently have reiterated, however, [p]lain error review is reserved for truly extraordinary situations [in which] the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings. . . . [Thus, a] defendant cannot prevail under [the plain error doctrine] . . . unless he demonstrates that the claimed error is both so clear and so harmful that a failure to

reverse the judgment would result in manifest injustice." (Internal quotation marks omitted.) *State* v. *Reynolds*, 264 Conn. 1, 146 n.128, 836 A.2d 224 (2003).

We note that the defendant did not bring his claim under *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989).

I

The defendant first claims that he is entitled to plain error review because the court improperly accepted his plea of guilty without informing him that he had a right against self-incrimination. This omission, the defendant argues, implicated his right to due process, which requires that all guilty pleas must be knowingly and voluntarily entered. The defendant further argues that the court is bound to follow the mandatory provisions of the rules of criminal procedure, and its failure to do so in this case constituted plain error. The defendant's claim is without merit.

The United States Supreme Court has held that a defendant's plea must be knowingly and voluntarily entered or the plea is void for violation of due process. *Boykin* v. *Alabama*, 395 U.S. 238, 243–44, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). To support the conclusion that a defendant's plea was knowing and voluntary, *Boykin* set forth three federal constitutional rights that the defendant must be apprised of before entering a plea: (1) the privilege against compulsory self-incrimination, (2) the right to trial by jury and (3) the right to confront one's accusers. Id., 243; see also Practice Book §§ 39-19, 39-20.

*Boykin* does not state explicitly how a court should inform a defendant of his privilege against compulsory self-incrimination. See *State* v. *Nelson*, 221 Conn. 635, 640, 605 A.2d 1381 (1992). To satisfy this requirement, however, our Supreme Court has concluded that "at

the time of the entry of a plea of guilty . . . [the defendant must] be informed by the court that, in conformity with his right against self-incrimination, he could not be compelled to enter that plea." Id., 640–41. Specific words are not required to inform the defendant of his right against compulsory self-incrimination. *State* v. *Badgett*, 200 Conn. 412, 420, 512 A.2d 160, cert. denied, 479 U.S. 940, 107 S. Ct. 423, 93 L. Ed. 2d 373 (1986). The right is conveyed adequately when a defendant is advised that he need not enter the plea and he understands the effect of the plea. *State* v. *Carter*, 243 Conn. 392, 398, 703 A.2d 763 (1997).

In *Carter*, our Supreme Court determined that the defendant was notified of his right against self-incrimination in a plea canvass when it was shown that the defendant knew he was giving up the right to a trial and stated that he was doing so voluntarily and of his own free will. Id., 400–401. Additionally, in *State* v. *Nelson*, supra, 221 Conn. 635, our Supreme Court concluded that the *Boykin* test was satisfied where the defendant was informed that he had a right "to plead not guilty . . . and . . . that if he pleads guilty there will not be a trial of any kind so that by pleading guilty he waives the right to a trial by jury and the right to be confronted with the witnesses against him . . . ." (Internal quotation marks omitted.) Id., 642.

In the present case, the court discussed with the defendant the maximum and minimum sentences that he could receive in regard to his guilty plea. The defendant was asked repeatedly if anyone or anything was forcing him to enter his guilty plea. He also was questioned as to whether his plea was made voluntarily and of his own free will. The court informed the defendant that he was giving up his right to a trial, the alternative to a guilty plea. The court determined, through questioning, that the defendant understood that once the plea was accepted, only a valid legal reason in conjunc-

tion with the court's approval would invalidate the plea. The defendant never suggested that he did not understand his rights or that he was not voluntarily entering his plea.

"[F]or protection of his privilege against self-incrimination, the federal constitution mandates only that a defendant be apprised of the fact that he does not have to enter a plea of guilty or nolo contendere and thus incriminate himself." Id. The court's canvass, prior to the acceptance of the defendant's plea, adequately informed him that he possessed a right against self-incrimination that guaranteed that he need not incriminate himself by entering a plea of guilty. See *Boykin* v. *Alabama,* supra, 395 U.S. 243–44. Therefore, the defendant has failed to establish the existence of plain error.

## II

The second argument raised by the defendant is that he is entitled to plain error review on the ground that his plea was not entered knowingly and voluntarily because the totality of the circumstances illustrated that he did not fully understand the rights he was waiving. The defendant cites three reasons why his plea was not knowing and voluntary: (1) the briefness of the court's advisement, (2) the problematic relationship between the defendant and his counsel, and (3) the fact that the defendant filed a motion to withdraw the plea. None of these arguments, either alone or in combination, supports a conclusion that the defendant did not knowingly and voluntarily enter his guilty plea.

A plea must be knowing and voluntary to be constitutionally valid. *State* v. *Garvin,* 242 Conn. 296, 311, 699 A.2d 921 (1997). "Because every valid guilty plea must be demonstrably voluntary, knowing and intelligent, we require the record to disclose an act that represents a knowing choice among available alternative courses of

action, an understanding of the law in relation to the facts, and sufficient awareness of the relevant circumstances and likely consequences of the plea." *State* v. *Watson*, 198 Conn. 598, 604, 504 A.2d 497 (1986). The standard is whether the plea represents an intelligent and voluntary choice among the defendant's available, alternative courses of action. *State* v. *Parker*, 67 Conn. App. 351, 354, 786 A.2d 1252 (2001).

Our Supreme Court has found that a plea is knowingly and voluntarily entered when the defendant understands the ramifications of his plea, the nature of the crime, the waiver of his rights and that his plea was guilty. See *State* v. *Badgett*, supra, 200 Conn. 415–20. In addition, the court must determine that the defendant had no further questions. See id. In terms of the ramifications of the plea, *Badgett* determined that on review, our focus must be "on whether the federal constitutional principles of *Boykin* were satisfied rather than on meticulous compliance with the provisions of the Practice Book." Id., 418.

When questioned by the court, the defendant admitted that he was not forced to enter his guilty plea, he understood the charges against him and the possible penalties, he stated that he had no further questions for his attorney or the court and that he still desired to enter his guilty plea. The record of the proceedings supports the determination that the defendant understood the plea canvass and voluntarily entered the plea.

We now analyze each of the defendant's stated reasons for his claim that the totality of the circumstances demonstrate that his plea was not knowingly or voluntarily entered.

A

The defendant first points to the brevity of the court's advisements as an example of why his plea was not

knowingly and voluntarily entered. The defendant argues that he "was not informed of his rights to plead not guilty and to be tried by a jury or a judge, to confront, as well as to cross-examine, witnesses against him, to be represented by counsel at trial and to not be compelled to incriminate himself." We disagree.

The court specifically inquired of and advised the defendant, in relevant part, as follows:

"The Court: Mr. Holmes, I'm going to ask you a few questions to make sure your plea is knowingly and voluntarily entered into. I've heard your date of birth and where you were born, and have you had enough time to speak to your lawyer?

"[The Defendant]: Yes.

"The Court: Has your lawyer answered all your questions?

"[The Defendant]: Yes.

\* \* \*

"The Court: Now, a person is guilty of this [crime when] with intent to cause serious, physical injury to another person, he causes such injury to such person with a deadly weapon or dangerous instrument, and that is the assault in the first degree.

"I'm going to now define to you serious physical injury. Serious physical injury means 'physical injury of which creates a substantial risk of death or which causes serious disfigurement, serious impairment of health or serious loss or impairment of the function of any bodily organ.' Any or all of those [are involved] in the definition of serious physical injury. Now, has anyone forced you, sir, to give up your right to a trial?

"[The Defendant]: No.

"The Court: Are you doing so of your own free will?

"[The Defendant]: Yes.

"The Court: You have a right to hear the evidence against you in a courtroom of law, in front of a jury, cross-examine witnesses and even testify if you so desire, and present any defense that you may desire to do. If I accept, sir, your guilty plea, you give up that right. You understand that?

"[The Defendant]: Yes.

"The Court: Now, I've explained to you the elements of the crime as well as the maximum penalty. Did you discuss this with your lawyer as well?

"[The Defendant]: (Inaudible response.)

"The Court: That's a '[y]es'?

"[The Defendant]: Yes.

"The Court: Do you have any questions at all, sir, so far?

"[The Defendant]: No."

On August 23, 2000, the defendant had elected a jury trial. As to the three core rights of *Boykin*, the court's canvass informed the defendant that if the guilty plea were accepted, he was giving up his right to a jury trial and his right to cross-examine witnesses in front of that jury. Although the court did not expressly reference the defendant's privilege against self-incrimination, the defendant knew that by his plea, he was giving up his right to trial generally by pleading guilty and specifically his right to testify on his behalf or not, as he chose. We conclude that the substance of that right was communicated to him.

Clearly, in accordance with the rules of criminal procedure as explained in *Boykin* v. *Alabama*, supra, 395 U.S. 243–44, *State* v. *Nelson*, supra, 221 Conn. 640–42, and *State* v. *Badgett*, supra, 200 Conn. 417–20, the court

in its canvass fully ascertained that the defendant understood the ramifications of his plea, the nature of the crime charged, the waiver of his rights and that he was entering a plea of guilty.

## B

Second, the defendant states that the poor quality of the attorney-client relationship caused him to enter a plea that was not knowing and voluntary. Specifically, the defendant points to the fact that he did not appear to understand the sentence to which he was agreeing and also that his attorney was not sure whether the defendant was on probation. The defendant has not provided us a record finding that his attorney made any mistakes. The defendant's misapprehensions were corrected by the court before the plea was accepted, and we are not persuaded that these misapprehensions caused the defendant to enter a plea that was not knowing and voluntary.

The record further indicates that the defendant knew that he was giving up his right to a trial and receiving jail time. Although the defendant at first thought that his jail sentence would be forty years suspended after twenty, in actuality, the plea agreement more favorably called for a maximum of twenty years of incarceration with the right to argue for less and a minimum of five years. The defendant was apprised of the correct amount of possible jail time before his plea was accepted, and he acknowledged that he understood the sentence. In addition, although there was some confusion as to whether the defendant remained on probation for an earlier crime, the court explained to him that any term of probation that he was still serving would be factored into his sentence, but he would not receive more than twenty years of incarceration. The defendant stated that he understood this sentence.

During the plea canvass, the defendant was given the opportunity to ask questions both of his attorney and the court. The defendant declined this opportunity, even after the court explained that once the plea was accepted it only could be withdrawn for a valid legal reason with court approval. Accordingly, we see nothing in the record regarding the attorney-client relationship that would negate the defendant's knowing and intelligent entry of his guilty plea.

C

In his last argument concerning his alleged failure to knowingly and voluntarily enter his plea, the defendant points to the fact that he filed a motion to withdraw that plea. Filing a motion to withdraw a plea, in and of itself, does not prove that the defendant did not understand his rights at the time of the plea.

Once a guilty plea has been entered, it cannot be withdrawn without leave of the court. *State* v. *Andrews*, 253 Conn. 497, 505, 752 A.2d 49 (2000). The grant or denial of this motion is within the court's discretion. Id.

In this case, after allowing the defendant the opportunity to present the grounds for his motion, the court denied it. In his argument to the court, the defendant appeared to regret his plea and hoped that he had found a defense to the charges that had been brought against him, but this was not a valid reason for the granting of the motion. His reasons also did not illustrate that he had not entered his plea knowingly or voluntarily.[5]

A "determination as to whether a plea has been knowingly and voluntarily entered entails an examination of

---

[5] The defendant believed that his plea should be withdrawn because the police allegedly failed to read him his constitutional rights pursuant to *Miranda* v. *Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). The court found that this was not a valid legal reason to withdraw the plea. We agree with this finding.

all of the relevant circumstances." (Internal quotation marks omitted.) *State* v. *Garvin*, supra, 242 Conn. 310. We have examined all of the arguments made by the defendant in support of his claim. The defendant has not demonstrated that his plea was not entered knowingly and voluntarily. The court's plea canvass was adequate, satisfied the constitutional requirements and apprised the defendant of his core rights. With that knowledge, the record indicates that he chose to enter his plea voluntarily. See *State* v. *Carter*, supra, 243 Conn. 392; *State* v. *Nelson*, supra, 221 Conn. 635; *State* v. *Badgett*, supra, 200 Conn. 412.

The judgment is affirmed.

In this opinion the other judges concurred.