******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* JEFFREY
DANIEL SCHLOSSER
(AC 44270)

Elgo, Alexander and Harper, Js.

*Syllabus*

The defendant, who had been on probation in connection with his convic-
tions, in two cases, of risk of injury to a child and sexual assault in the
fourth degree, appealed to this court from the judgment of the trial
court revoking his probation in each case. The parties appeared at a
violation of probation hearing before the trial court, which noted that
the parties had agreed to an open recommendation for sentencing,
explained an open recommendation to the defendant, and canvassed
the defendant on his admission to a violation of probation in each case.
*Held* that the defendant could not prevail on his unpreserved claim that
the trial court violated his due process rights by failing to advise him of
his right to maintain a denial of his violation of probation: the defendant's
admissions were made knowingly and voluntarily, as the court's compre-
hensive canvass of the defendant informed him of the maximum sen-
tence, of his right to a violation of probation hearing and the opportunity
to present defenses at that hearing, and explained the state's burden of
proof; moreover, the defendant indicated to the court that he was not
under the influence of drugs or alcohol, that he had discussed the
implications of his admissions with his attorney, and that he entered
his admissions of his own free will; furthermore, the defendant's experi-
ence at his underlying criminal prosecution and a prior probation revoca-
tion proceeding supported the inference that his admissions were made
knowingly and voluntarily.

Argued November 8, 2021—officially released March 8, 2022

*Procedural History*

Two informations charging the defendant with viola-
tion of probation, brought to the Superior Court in the
judicial district of Hartford, geographical area number
twelve, and transferred to the judicial district of Hart-
ford, geographical area number fourteen, where the
defendant was presented to the court, *Williams, J.*, on
admissions of guilt to violation of probation; judgments
revoking the defendant's probation, from which the
defendant appealed to this court. *Affirmed.*

*Justine F. Miller*, assigned counsel, for the appellant
(defendant).

*James M. Ralls*, assistant state's attorney, with
whom, on the brief, were *Sharmese Hodge*, state's attor-
ney, and *Adam Scott*, former assistant state's attorney,
for the appellee (state).

*Opinion*

ELGO, J. The defendant, Jeffrey Daniel Schlosser, appeals from the judgments of the trial court revoking his probation and committing him to the custody of the Commissioner of Correction for five years. On appeal, the defendant claims that the court violated his due process rights by failing to advise him of his right to maintain a denial of his violation of probation. We affirm the judgments of the trial court.

The following facts and procedural history are relevant to this appeal. At the defendant's sentencing hearing on January 15, 2020, the prosecutor set forth the following information concerning the defendant's prior criminal proceedings, which the defendant does not dispute. On September 27, 2012, the defendant was convicted, in the first case, of risk of injury to a child in violation of General Statutes § 53-21 (a) (1), and, in the second case, of sexual assault in the fourth degree in violation of General Statutes § 53a-73a, and risk of injury to a child in violation of § 53-21 (a) (2). The defendant received a total effective sentence of ten years of incarceration, execution suspended after thirty months, followed by ten years of probation.

After violating the terms of his probation, the defendant's probation was revoked and the court, on April 17, 2017, sentenced him to seven and one-half years of incarceration, execution suspended after one year, and probation "for the remainder of the time he owed."

Following his subsequent release from custody in the spring of 2018, the defendant was arrested on October 30, 2018, and again charged with violating the conditions of his probation. By December, 2019, the state had extended at least one offer to the defendant to resolve his violation of probation charge, which was not accepted. Because the parties were unable to reach an agreement, a violation of probation hearing was scheduled.

On January 15, 2020, the parties appeared at the violation of probation hearing before the court, *Lynch, J.* At the onset of the hearing, defense counsel requested a continuance in order to review newly obtained discovery materials. The court denied that request and, instead, took a recess in order to allow defense counsel to review those materials and to consult with the defendant. Instead of continuing with the violation of probation hearing, the parties appeared before the court, *Williams, J.*, which noted for the record that the parties agreed to an "open recommendation" for sentencing. The court explained an "open recommendation" to the defendant and then canvassed the defendant on his admission to the violation of probation. The court revoked his probation and sentenced the defendant to a term of five years of incarceration. This appeal followed.

On appeal, the defendant claims that his admission

was not knowing and voluntary because the court failed to explicitly inform him of his right to maintain a denial of violation of his probation, in violation of his due process rights and Practice Book § 39-10. We disagree.

The defendant concedes that he did not raise this claim before the trial court and seeks review of his unpreserved claim pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), as modified by *In re Yasiel R.*, 317 Conn. 773, 781, 120 A.3d 1188 (2015).[1] "[A] defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation . . . exists and . . . deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original; footnote omitted.) *State* v. *Golding*, supra, 239–40. "*Golding*'s first two prongs relate to whether a defendant's claim is reviewable, and the last two relate to the substance of the actual review." *State* v. *Dawes*, 122 Conn. App. 303, 320, 999 A.2d 794, cert. denied, 298 Conn. 912, 4 A.3d 834 (2010). We afford review because the record is adequate for review and the claim is of constitutional dimension. See *State* v. *Yusef L.*, 207 Conn. App. 475, 487, 262 A.3d 1017 (defendant's due process rights are implicated if plea is not voluntarily and knowingly made), cert. denied, 340 Conn. 910, 264 A.3d 1002 (2021). We nevertheless conclude that the defendant's claim fails to satisfy *Golding*'s third prong.

The following additional facts are relevant to the defendant's claim. When the defendant elected to forgo his violation of probation hearing before Judge Lynch, the parties appeared before the court and indicated that the defendant wanted to admit to each of his violations of probation.[2] The court, defense counsel, and the defendant participated in the following exchange:

"The Court: The parties at a brief sidebar just a moment ago informed the court that they had come to an agreement. Under these circumstances the court has indicated that if the defendant wishes to admit the second violation of each probation, we could move to sentencing but *there would be no agreement*. This would be an open recommendation. The state and defense may well jointly propose a certain disposition but it would be up to this court . . . .[3]

"The defendant, to be clear, would be exposed to every day of his exposure on each violation of probation which the court was led to believe is six and one-half years in jail on each. *So, as long as [the defendant] knows and is fully aware that he is exposed to the entirety of that six and one-half year sentence*, then I

would be happy to accept his admissions and to hear from each party as to sentencing. Is that the agreement?

"[Defense Counsel]: It is, Your Honor, and just for the record [the defendant] is fully aware of his exposure for the six and one-half years in each of his violations of probation.

"The Court: And that's true, sir?

"[The Defendant]: That's right.

"The Court: You understand that?

"[The Defendant]: Yes, yes I do, Your Honor.

"The Court: And you understand that Judge Lynch was prepared to . . . I understand that the state and your lawyer saw Judge Lynch today, and do you understand that Judge Lynch was prepared to hear your violation of probation hearing today, sir?

"[The Defendant]: Yes, I do.

"The Court: And it would have been the state's burden to prove by a preponderance of the evidence that it's more likely than not that you violated each of these probations. That would have been their burden. Do you understand that, sir?

"[The Defendant]: Yes, I do.

"The Court: And was the state prepared to put on evidence today, counsel?

"[The Prosecutor]: Yes, Your Honor.

"The Court: All right, and so at that hearing your lawyer could have presented defenses on your behalf and could have contested the charges. Do you understand that, sir?

"[The Defendant]: Yes, I do.

"The Court: All right. And you still wish to go forward with sentencing today?

"[The Defendant]: Yes.

"The Court: Okay, and each counsel is prepared for that?

"[The Prosecutor]: Yes, Your Honor.

"[Defense Counsel]: Yes, Your Honor."

The defendant then entered an admission to each violation of probation. The court continued its canvass:

"The Court: Sir, have you taken any drugs, alcohol or medication that affects your thinking?

"[The Defendant]: No, sir.

"The Court: Have you had enough time to talk to your lawyer about this decision?

"[The Defendant]: Yes, Your Honor.

"The Court: Has your attorney explained to you all

the rights to a violation of probation hearing that you are giving up by admitting the violations today, sir?

"[The Defendant]: Yes, Your Honor.

"The Court: Has she also explained to you the evidence that the state says it has against you, what the state would have to prove in order to [be] found in violation of your probation and the maximum penalty you could have gotten?

"[The Defendant]: Yes, Your Honor.

"The Court: You heard what the state says you did to cause you to violate probation. Do you agree that's basically true?

"[The Defendant]: I would be honest, I don't agree with it but it's what, you know, I'll accept it.

"The Court: Do you agree that you have violated your probation?

"[The Defendant]: Yes.

"The Court: Has anyone threatened or forced you to admit that second violation of your probations?

"[The Defendant]: No, Your Honor.

"The Court: Are you doing this of your own free will, sir?

"[The Defendant]: Yes, Your Honor.

"The Court: Once I accept your admissions, you cannot take them back without permission from the court? Do you understand that, sir?

"[The Defendant]: Yes, Your Honor."

"A determination as to whether a plea has been knowingly and voluntarily entered entails an examination of all of the relevant circumstances. . . . [W]e conduct a plenary review of the circumstances surrounding [a] plea to determine if it was knowing and voluntary." (Internal quotation marks omitted.) *Almedina* v. *Commissioner of Correction*, 109 Conn. App. 1, 6, 950 A.2d 553, cert. denied, 289 Conn. 925, 958 A.2d 150 (2008). In *State* v. *Yusef L.*, supra, 207 Conn. App. 475, this court addressed the issue of whether a defendant's plea was knowingly or voluntarily made after reviewing the canvass conducted by the court. The court observed that "the [trial judge] made it clear to the defendant that he had the right to plead not guilty [and] explicitly stated that if the defendant did not plead guilty he would proceed to trial, at which time he potentially could be found guilty," and that "the defendant, through his responses, indicated that he understood that he had the right to plead not guilty." Id., 488. This court additionally highlighted the defendant's past experience with the criminal justice system as a factor in support of its finding that the defendant's plea was knowing and voluntary. Id., 489. For those reasons, the court concluded

that the defendant had failed to satisfy the third prong of *Golding*. Id., 490.

In the present case, the record similarly reflects that the defendant's admission was knowing and voluntary. The court informed the defendant of the maximum sentence, that the defendant had the right to a violation of probation hearing and the opportunity to present defenses at that hearing, and explained the burden of proof that the state would need to establish for him to be found in violation of probation. The defendant indicated to the court that he was not under the influence of drugs or alcohol, that he had discussed the implications of his admission with his attorney, and that he entered his admission "of [his] own free will . . . ." Moreover, the defendant's experience at both his underlying criminal prosecution and the prior probation revocation proceeding, at which he had admitted to a probation violation, further supports the inference that his admission in the present case was knowingly and voluntarily made. See, e.g., *State* v. *Yusef F.*, supra, 207 Conn. App. 489.

More generally, we emphasize that the defendant came to the sentencing hearing directly from his violation of probation hearing. He was afforded and was prepared to exercise his right to a contested hearing, which necessarily informs our analysis. Cf. *State* v. *Kerlyn T.*, 337 Conn. 382, 393, 253 A.3d 963 (2020) (although formulaic canvass is not required, reviewing court must inquire into "totality of the circumstances" surrounding waiver of right to jury trial (internal quotation marks omitted)). In light of this, as well as the court's comprehensive canvass, the defendant's past history with the criminal justice system and the defendant's assertions that he understood the consequences of entering his admissions, the defendant's specific claim that his admission was not knowing and voluntary must fail.

For the foregoing reasons, we conclude that the defendant has failed to establish the existence of a constitutional violation. His due process claim, therefore, fails *Golding*'s third prong.

The judgments are affirmed.

In this opinion the other judges concurred.

[1] The defendant alternatively argues that reversal is warranted under the plain error doctrine, codified in Practice Book § 60-5, which "is an extraordinary remedy used by appellate courts to rectify errors committed at trial that, although unpreserved [and nonconstitutional in nature], are of such monumental proportion that they threaten to erode our system of justice and work a serious and manifest injustice on the aggrieved party." (Internal quotation marks omitted.) *State* v. *Jamison*, 320 Conn. 589, 595–96, 134 A.3d 560 (2016). In light of our conclusions that the present claim fails on its merits under the bypass rule of *Golding* and that the court properly canvassed the defendant on his admission, the defendant cannot demonstrate that plain error exists. See, e.g., *State* v. *Holmes*, 78 Conn. App. 479, 487, 827 A.2d 751 (because "[t]he court's canvass . . . adequately informed [the defendant] that he possessed a right against self-incrimination that guaranteed that he need not incriminate himself by entering a plea of guilty . . . the defendant has failed to establish the existence of plain error"), cert. denied, 266 Conn. 909, 832 A.2d 73 (2003); *State* v. *Peterson*, 51 Conn.

App. 645, 659, 725 A.2d 333 ("[p]lain error review is not warranted . . . because the defendant has failed to show that his guilty plea was not entered knowingly or voluntarily"), cert. denied, 248 Conn. 905, 731 A.2d 310 (1999).

Additionally, insofar as the defendant relies on the court's alleged failure to comply with Practice Book § 39-10 in arguing that his unpreserved claim merits plain error review, this reliance is mistaken. Section § 39-10 provides: "If the judicial authority rejects the plea agreement, it shall inform the parties of this fact; advise the defendant personally in open court or, on a showing of good cause, in camera that the judicial authority is not bound by the plea agreement; afford the defendant the opportunity then to withdraw the plea, if given; and advise the defendant that if he or she persists in a guilty plea or plea of nolo contendere, the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement." By its terms, the provision applies only when a plea has already been accepted. See *King* v. *Commissioner of Correction*, 193 Conn. App. 61, 78, 218 A.3d 1051 (2019) ("§ 39-10 only applies *after* a plea has been initially accepted by the court" (emphasis added)). Despite the defendant's assertion to the contrary, the record makes clear that the court would not consider accepting an admission without the flexibility of an open recommendation with respect to sentencing, a condition agreed to by the defendant with advice of counsel. Because there was no agreement between the parties *and the court* as to the disposition prior to the court's canvass and acceptance of the defendant's admission, § 39-10 is inapplicable to the present case.

[2] At the violation of probation hearing, Judge Lynch explained to the parties that, because the hearing had already commenced, the defendant would have to appear before a different judge if he decided to admit to a violation of his probation.

[3] The prosecutor subsequently indicated to the court during the dispositional phase that the parties agreed to jointly recommend a term of three years of incarceration.

―――――――――――――――